No. 13,670.

STATE OF LOUISIANA VS. WILLIAM LOGAN ET ALS.

### SYLLABUS.

1. Act No. 63 of 1884, is not violative of Article 31 of the Constitution of 1898, which is identical with Article 29 of 1879. Its constitutionality tested by the provisions of the latter article, was sustained in State vs. Rushing, 49th Ann. 1532.

2. A verdict and judgment of conviction in a criminal case, based upon an indictment on which are not endorsed the words "A true bill," followed by the signature of the foreman of the Grand Jury evidencing a finding of the Grand Jury to that effect, cannot be sustained, since there is not a valid indictment; especially is this true in the absence of a minute entry disclosing that the indictment was read in open court in the presence of the Grand Jury.

APPEAL from the Third Judicial District, Parish of Claiborne— *Edwards, J.*

*Walter Guion,* Attorney General, and *J. C. Theus,* District Attorney, (*J. E. Moore* and *Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Richardson & Richardson,* for Defendants, Appellants.

The opinion of the court was delivered by

NICHOLLS, C. J. The grand jury of the parish of Claiborne found, three different indictments against Willie Logan, Thomas Holly, and Lee Slaten. In the first of these indictments (No. 1258), they were charged with having on the 1st of October, 1900, feloniously, wilfully, maliciously and falsely accused Berry Monk of the crime of operating an illicit distillery and threatened the said Berry Monk with arrest, criminal prosecution, and public scandal, with the intent to extort money and a horse and cow from him.

In the second (No. 1263) they were charged with having on the 3rd of October, 1900, feloniously, falsely, maliciously and wilfully accused G. I. Rasberry, of operating an illicit and unlawful distillery and threatening to prosecute and kill him, with intent to extort money, goods, and chattels from him.

In the third (No. 1264), they were charged with having on the 3rd of October, 1900, feloniously, falsely and wilfully accused John Richardson, of being connected with an illicit distillery and threatening to cause him to be prosecuted and subject him to public scandal, with the intent to extort money, goods and chattels from him, and his father, Joseph Richardson.

These various acts were each charged to have been contrary to the form of the statute of the State of Louisiana, in such case made and provided.

The three cases were consolidated for the purpose of trial and were tried together.

The jury returned a verdict of guilty as charged against the three parties accused in suit 1258; also against the three parties accused in suit No. 1263, and against Lee Slaten and Willie Logan accused in suit No. 1264.

The court in suit No. 1258 sentenced each of the parties charged in the indictment therein, to be confined at hard labor in the penitentiary for a year, and to pay a fine of fifty dollars and costs. In suit No. 1263 it pronounced a similar sentence against each of the parties

charged in the indictment therein. In suit No. 1264 it pronounced a similar sentence against Willie Logan and Lee Slaten.

The parties convicted and sentenced have appealed.

Prior to trial defendant moved to quash the different indictments on the ground that Act 63 of 1884, under which they were found, was unconstitutional as being violative of Article 31 of the Constitution of 1898. The motion was overruled and defendants excepted.

Defendants filed a motion in arrest of judgment on the following grounds:

1st. That the Act No. 63 of 1884 is in contravention of Article 31, Constitution of 1898, and, therefore, unconstitutional.

2nd. That there has been no legal indictment found against them by the grand jury; that the law requires an indictment by the grand jury to be endorsed "A True Bill", and signed by the foreman of the grand jury in his official capacity. The indictments under which the accused were tried not being endorsed "A True Bill" and words to that effect, and signed by the foreman in his official capacity, there was no attestation of the official action of the grand jury, and no evidence of any action on the charges and findings of the bill, therefore the same was illegal.

3rd. That said indictment is illegal, for the reason that there is no charge set forth in the body of the indictments.

"a". The statutes set forth that any one who accuses another of a crime, or threatens with arrest, or criminal prosecution and public scandal, and with intent, etc., is declared a crime, etc. In this State there is no crime of illicit distillery, and there can be no arrest and criminal prosecution for anything that is not declared to be a crime by the statutes of this State, and to accuse a party of something that is not a crime is not a public scandal.

"b". The statutes require that the object or intent be to obtain some valuable thing and in order to make its accusation a crime something of value should be demanded; an allegation of an intent to extort money without giving any amount or sum of current money of the United States, or of an intent to extort a horse, a cow, or goods and chattels, without a value has been alleged, is bad, and in neither of the indictments above stated, under which defendants were tried and convicted, is there such an allegation, therefore there is no crime alleged or charged against them.

OPINION.

The motion to quash the indictments upon the ground that Act No. 63 of 1884, on which they were based, was violative of Article 31 of the Constitution of 1898, was properly overruled. Article 31 of the Constitution of 1898 is identical with Article 29 of the Constitution of 1879, and this court in State vs. Rushing, 49th Ann. 1532, sustained the constitutionality of the Act as against a claim that it was violative of the last mentioned article.

The difficulty in the way of sustaining the verdicts and judgments in these appealed cases is found in the position taken by appellants in their motion in arrest that none of the indictments were endorsed as being "true bills" and signed by the foreman of the grand jury.

The endorsements on the indictments were as follows:

No. 1258. State of Louisiana vs. Willie Logan, et als. Ari Noland, Foreman Grand Jury. Filed, October 2, 1900. (Signed) Drew Ferguson, C. D. C.

No. 1263. State of Louisiana vs. Willie Logan, et als. Ari Noland, Foreman Grand Jury. Filed October 4, 1900. (Signed) Drew Ferguson. C. D. C.

No. 1264. State of Louisiana vs. Willie Logan et als. Ari Noland, Foreman Grand Jury. Filed October 4th, 1900. C. D. C.

The minutes of the court of October 2, 1900, and October 4, 1900, so far as these cases were concerned were as follows:

"Tuesday morning, October 2nd, 1900, court met pursuant to adjournment, same officers present:

"The grand jury came into open court and after all answering to their names returned into open court one bill of indictment, and agreed that it should be changed as to manner of form, but as to nature of substance should remain unchanged. Bill by the court ordered filed, numbered and bond fixed as indicated, back of bill."

"1258. State of Louisiana vs. ———. Blackmail. A true bill. Signed, Ari Noland, Foreman Grand Jury. Bond fixed at $500. Sheriff to take and approve the same, which is as follows:"

After this follows the indictment in this particular case, signed by the District Attorney of the Third Judicial District, Louisiana.

"Thursday morning, October 4, 1900. Court met pursuant to adjournment—same officers present:

"Grand jury came into open court and after all answering to their names returned into open court the following six bills of indictment, and agreed that they should be changed as to form, but as to manner of substance, remain unchanged. Court ordered the bills to be filed and numbered and bonds fixed as indicated by the court on back of bills. Sheriff or deputy to take and approve the same.

"No. 1263. State vs. ———. Blackmail. A true bill. (Signed) Ari Noland, Foreman Grand Jury.

"No. 1264. State vs. ———. Blackmail. A true bill. (Signed) Ari Noland, Foreman Grand Jury."

It will be perceived that there is a variance between the endorsements on the back of the indictments and the statement of the district clerk *in his minutes,* as to what those endorsements were.

An erroneous statement by the clerk, as to what appears on the indictments, yields, of course, to the actual facts of the case. The words "a true bill" are not found on any of these indictments. It will be noted that the minutes do not recite that either the indictments or the endorsemens thereon were read in open court in presence of the jury.

The Attorney General maintains that the appearance of the words "A True Bill" upon them was not sacramental; that the essential fact is that the instruments were actually returned into open court by the grand jury as true bills of indictments upon the charges therein contained; that the minutes of the court are evidence and sufficient evidence of that fact. He claims that the correctness of this proposition is supported by a number of decisions of the higest courts of other States, and that the decision of this court in State vs. Morrison, 30th Ann. 817, to the contrary, has been overruled.

He refers us to Archibald on Criminal Pra. & Pl., Sec. 98; State vs. Magrath, 44 N. J. L. (V. v), 227, and Am. and English Ency. of Law, (1st Ed.), Vol. 10, *verbo* Indictment, pages 470, 508, 510 and 511-21 Cal. 368. White vs. Com. 29 Gratt. 824—Bishop Criminal Practice, Sec. 700.

He further argues that the objection that the indictments are not endorsed "A True Bill" comes too late in a motion in arrest, after the indictment has been pleaded to and a conviction has followed, even when required by directory statute, and cites as sustaining him the American and English Encyclopædia of Law on the pages stated. 29 Gratt (Va.), 824, and State vs. Mortons, 14 Mo. 94.

We do not find that State vs. Morrison, 30th Ann. 817, was overruled by State vs. Mason, 32nd Ann. 1018, in respect to the proposition we are now considering. The bill of indictment in the Mason case was endorsed "A True Bill," and signed by the foreman of the grand jury; therefore, no question was raised as to what the law was touching the necessity of those words being endorsed upon it. The question submitted and decided was as to whether the indictment had been, or had not been presented by the grand jury in open court, and whether the endorsement upon the bill should specify the offense charged in the indictment.

We are of the opinion that the conclusion reached and announced in State vs. Morrison was correct and should be adhered to. We see no reason to depart from it. It is directly supported by State vs. Howell, 3rd Ann. 50, and State vs. Duncan, 8th R. 562. See, also, Laurent vs. State, 1 Kansas, 313.

The district clerk makes a minute of what occurs in open court and does not certify as to what was done in the grand jury room. The grand jury certify their own acts through their foreman in respect to the finding of indictments. Their action in this matter is certified to through an endorsement in writing on the back thereof, by the words "A True Bill", followed by the official signature of the foreman of the grand jury. Without such an endorsement we cannot say that there were any indictments found in these cases. This view carries with it a non-concurrence by the court in the position taken on behalf of the State that the defendants could not urge this particular objection, after verdict and in arrest of judgment.

The objection was well grounded.

For the reasons assigned, it is ordered, adjudged and decreed that the verdicts of the jury and the judgments of the court appealed from herein, be, and the same are hereby annulled, avoided and reversed, and that defendants be discharged from custody.