STATE v. RAGAN.

(51 South. 89.)

No. 18,003.

STATE v. RINEY.

(Jan. 3, 1910.)

===

(51 South. 89.)

No. 18,014.

STATE v. RAGAN.

In re RAGAN.

(Jan. 3, 1910.)

*(Syllabus by the Court.)*

1. CHILDREN—JUVENILE COURTS—ORGANIZATION.

Act No. 83, p. 96, of 1908, subsequently adopted as an amendment to the Constitution of 1898, created a special juvenile court in the parish of Orleans, and provided that district courts outside of said parish should hold separate sessions as juvenile courts. No organization of district courts as juvenile courts is required, and sessions of such courts may be held without the appointment of a "probation officer."

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 18.*]

2. JUVENILE COURTS—SESSION.

Sessions of a juvenile court in the country parishes may be held during a criminal term of the district court, provided such sessions be held apart, and a separate record kept of the proceedings.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 18.*]

3. CHILDREN—PROSECUTION FOR CRIME — DELINQUENTS.

Under Act No. 83, p. 96, of 1908, children are not prosecuted as criminals, but are proceeded against as delinquents for the sole purpose of reformation, even where the delinquency charge would, in an adult, amount to a crime punishable at hard labor. Section 17. Such delinquents cannot be prosecuted for crime for the purpose of punishment, except, perhaps, in capital cases.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 68.*]

4. DELINQUENT CHILDREN—ENFORCEMENT OF ACT.

Act No. 83, p. 96, of 1908, can be readily enforced against adults for violation of laws made for the protection of children, and, as to neglected and delinquent children, must be enforced by the juvenile courts as far as practicable; and said act is not to be treated as inoperative because of the failure of the state authorities to provide reformatories or other institutions for the care, custody, and discipline of delinquent children, or because of the failure of the parochial authorities to provide proper facilities for the execution of the provisions of the act.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 16.*]

W. A. Ragan was indicted for striking with intent to kill, and applies for writ of prohibition. Dismissed.

Scarborough & Carver, for relator. Walter Guion, Atty. Gen., W. A. Wilkinson, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

LAND, J. Relator, a youth under the age of 16 years, was indicted for striking with intent to kill. Relator moved to quash the indictment on the ground that the district court in and for the parish of Natchitoches was without jurisdiction to prefer the in-

dictment. This motion was sustained presumably on the ground that the "juvenile court" in and for said parish was vested with jurisdiction. Thereupon the district judge instructed the district attorney to prepare an affidavit charging the same offense, with the view of trying the relator before the "juvenile court," presided over by the same judge. Relator objected to being tried at a regular criminal term of the court, and, further, that the district court of said parish had never been organized as a juvenile court. On these representations of the relator, this court ordered that the district judge show cause why a writ of prohibition should not issue. The respondent judge answered that he had no intention of trying the relator in open court during the criminal term, but had fixed the case for a day certain on which he expected to hold a session of the juvenile court during a recess of the district court. The judge for further answer admits that his court has never been organized as a juvenile court, expresses the opinion that Act No. 83, p. 96, of 1908, does not apply to cases where juveniles are charged with crimes punishable in the penitentiary, and avers that sections 7, 11, and 16 of said act do not apply to the parish of Natchitoches, having in it no city of over 10,000 population.

The questions raised involve a construction of the provisions of Act No. 83 of 1908, providing for the creation of juvenile courts throughout the state.

Section 6 reads:

"That each district court outside of the parish of Orleans, when in session under the provisions of this act, shall be known, for convenience, as the juvenile court; and all sessions of said juvenile court shall be held apart from all other sessions of said court; and the records of the proceedings of said juvenile court shall be kept separate from the records of all the other proceedings of said district court.
"Said court may sit in chambers and shall hold its sessions irrespective of the terms of court; provided that the expenses entailed by sections 7, 11 and 16 shall not be mandatory in country parishes, except in those parishes wherein there is a city of over ten thousand population."

Section 7 provides for the appointment of one or more probation officers.

Section 11, relating to proceedings against neglected and delinquent children, reads in part as follows:

"Outside of the parish of Orleans, the court may entrust the child to the sheriff, who shall keep the child in some suitable place, apart from the jail, to be provided by the parish, and the police jury of said parish shall have power to contract for the care of any such child or children, with any association or institution situated in the state of Louisiana, possessing facilities for the proper care and safe-keeping of such children, and shall allow a reasonable per diem for the care of such child, together with the actual expense of transportation, all of which shall be paid by the Parish on itemized vouchers," etc.

This same section makes it a misdemeanor for any police officer, sheriff, probation officer, or any other peace officer arresting a child to place such child in any police station, jail or lockup.

Section 16 reads:

"That whenever a child shall be found to be neglected within the meaning of this act the court may commit it to the care of some state institution or to some citizen of good moral character or to some association or institution embracing within its object the care of neglected children."

The expenses entailed by sections 7, 11, and 16 are not mandatory in the parish of Natchitoches, wherein there is no city of over 10,000 population. It is clear that this exemption includes the salary of probation officers, and the expense of transportation and of keeping children in associations or institutions or otherwise; but does not include the furnishing of some suitable place, apart from the jail, for the keeping of children when intrusted to the sheriff by the court pending a hearing. Any other construction would render the act inoperative, as such children cannot be kept in a jail, police station, or lockup by the sheriff or other officer

without committing a misdemeanor. See section 11.

A subsequent section (20) of the same act provides:

"That the expenses incident to the operation of the Courts provided for herein other than the salary of the Judges, shall be paid by the respective parishes."

Section 21 provides that the provisions of the act shall be liberally construed to the end that its purposes may be carried out. It is therefore evident that no parish is exempt from paying the necessary expenses incident to the arrest, detention, and trial of adults and children under the provisions of the law in question. The lawmaker assumed that the state would provide a reformatory and other institutions for the custody, care, and discipline of neglected and delinquent children. But the neglect of the state to make such provision does not render the law inoperative. The act wisely leaves to the judge a very wide discretion as to the disposition of children found to be delinquent. When "the delinquency charge would, in an adult, amount to a crime punishable at hard labor," the judge may commit the child to the state reformatory, and in all other cases to the state reformatory or to any other institution within the state organized for the care of delinquent children. The judge also may defer judgment, continuing the hearing from time to time, and may commit the child to the care of a probation officer, and may allow such child to remain at home, or in some suitable family without cost to the state, or in any institution deemed proper by the court. Section 17. Even in parishes exempted from certain expenses under section 6 the judge may appoint a "probation officer," if he can find some public-spirited citizen willing to serve without compensation.

The complaint of relator that the district court in and for the parish of Natchitoches has never been organized as a juvenile court is without merit. No such organization is required under section 6 of the act. The district court when in session under the provisions of the act becomes ipso facto a "juvenile court." A "probation officer" is not a necessary official of such court.

The contention of relator that he cannot lawfully be tried during a regular term of criminal court is also without merit. The judge may hold a session of his "juvenile court" at any time, in chambers, or in open court, "irrespective of the terms of court," provided the session be held apart, and separate record kept of the proceedings. Section 6.

The question whether a delinquent child can be tried before a "juvenile court" on a charge of having committed an offense punishable at hard labor is answered in the affirmative by the text of section 17 of the act. But it must be borne in mind that children are not prosecuted under the provisions of the act for the purpose of punishment under the criminal statutes of the state, but are proceeded against for the sole purpose of reformation. Adults who have violated any law enacted for the protection of the physical, moral, and mental well-being of such children may be prosecuted before the juvenile court, where the offense is not punishable by death or at hard labor. Section 9. But the subsequent sections make it plain that delinquent children cannot be proceeded against for the purpose of punishment as provided for by the criminal statutes.

Under section 17 it is provided that, where a child is found delinquent, the court in cases where the delinquency charge would in adults amount to a crime punishable at hard labor may commit such child to the state reformatory, but in no case beyond the minority of the child.

It necessarily follows that neglected and delinquent children can be proceeded against

only in the "juvenile courts," except perhaps in capital cases.

Act No. 83 of 1908 has been embodied in the Constitution of the state, and its provisions must be enforced by the juvenile courts as far as practicable, regardless of the neglect of the state and the parishes to furnish the proper means and facilities for carrying into effect all of its provisions for the care, custody, and disciplining of neglected and delinquent children.

It is therefore ordered that relator's application for a writ of prohibition be denied and dismissed.