(51 South. 647.)

No. 18,008.

STATE v. PRATER.

(Feb. 14, 1910.)

*(Syllabus by Editorial Staff.)*

JUVENILE DELINQUENTS — SENTENCE — STATUTES.

Act No. 83 of 1908, creating juvenile courts, and repealing all laws or parts of laws in conflict therewith, provided an exclusive method for the trial of juvenile delinquents, and conferred on the judge of the court broad discretion as to the place of punishment, not limited by section 17, declaring that, where the delinquency charged is an act which would, if committed by an adult, amount to a crime punishable at hard labor, the judge may commit the child to the State Reformatory; and hence the fact that there was no such institution in the state did not authorize the trial of a youth 17 years of age for burglary and larceny in the district court sitting for the ordinary trial of criminals, and, on conviction, a sentence to the penitentiary.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 69.*]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Lisbon Prater was convicted of burglary and larceny, and he appeals. Sentence set aside, and case remanded.

T. A. Carter, for appellant. Walter Guion, Atty. Gen., and John R. Hunter, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. Lisbon Prater, a youth under 17 years of age, having been charged with burglary and larceny, crimes punishable at hard labor, was tried by the district court of Rapides parish sitting as an ordinary court for the trial of criminals, instead of by the same court sitting as a juvenile court, as provided by Act 83 of 1908, p. 96, and, upon conviction, was sentenced to the penitentiary, instead of being dealt with as provided for in said act.

Our learned Brother assigns, as his reason for following that course, that in the country parishes said Act 83 is inoperative in all cases where the delinquency charged would in an adult amount to a crime punishable at hard labor, because section 17 of said act requires the sentence in such cases to be commitment to the State Reformatory, and there is no such institution in the state.

We do not agree with our learned Brother that the sentence he mentions is the only one that may be imposed in such cases. The said statute was intended to, and does, leave the broadest kind of discretion to the judge in such cases, as in all other cases. The fundamental idea of the statute is the reforma-

tion, not the punishment, ot the child; and in the carrying out of that idea the broadest discretion is allowed the judge. Needless for this court to point out what the judge may do in such cases. It is plainly expressed in the statute.

So far as proceeding under any other statute is concerned, that is a thing entirely out of the question. Act 83 repeals all laws or parts of laws in conflict, and has been made part of the Constitution. Act 245 of 1908, p. 364.

Sentence set aside, and case remanded for such disposition to be made of the defendant as the judge may in his discretion decide, under the provisions of Act 83 of 1908.