(52 South. 539.)

No. 18,153.

### STATE v. HOWARD.

(May 9, 1910. Rehearing Denied June 6, 1910.)

*(Syllabus by Editorial Staff.)*

CHILDREN—MINORS—COURTS—JURISDICTION — JUVENILE DELINQUENTS—STATUTES.

Bill of Rights, art. 9, declares that in all criminal proceedings the accused shall have the right to trial by jury, except in cases where the penalty is not necessarily imprisonment at hard labor or death, Act 1908, No. 83, creating a juvenile court, and providing for trial therein of offenses committed by juvenile delinquents under 17 years of age, did not authorize the trial by such court of an indictment of a child under 17 for murder; the trial of such indictment being exclusively within the jurisdiction of the district court.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. § 18.*]

Appeal from Twentieth Judicial District Court, Parish of Lafourche; W. P. Martin, Judge.

James Howard was indicted for murder, and from an order referring the case to the juvenile court, the State appeals. Reversed.

Walter Guion, Atty. Gen., and H. M. Bourg, Dist. Atty. (R. G. Pleasant, of counsel), for the State. Taylor Beattie, for appellee.

### Statement of the Case.

NICHOLLS, J. Defendant was indicted by the grand jury for the parish of Lafourche

for murder. When he was arraigned before the district court he pleaded "not guilty," but subsequently withdrew his plea. The indictment against him still stands in that court unacted upon. When the case was attempted to be fixed for trial in that court in session as for cases generally, his counsel objected to this being done. The objection was sustained, and the case was referred to the "juvenile court," to be therein tried under Act No. 83 of 1908, p. 96.

The state has appealed, calling attention to State v. Ragan, 125 La. 121, 51 South. 89.

### Opinion.

The accused party in this case is a boy under 17 years of age. No claim has been made that he should not be made to answer for the crime of murder under an "indictment" against him, returned by a grand jury. In order that he should be called to answer for that crime, it was necessary, under article 9 of the Bill of Rights, that the accusation against him should emanate from that body in the form of a presentment or indictment. The same article of the Bill of Rights declares that, "in all criminal prosecutions, the accused shall have the right to a public speedy trial by an impartial jury," and provides that "cases in which the penalty is not necessarily imprisonment at hard labor, or death, shall be tried by the court without a jury or by a jury less than twelve."

The present case is one in which the penalty is necessarily imprisonment at hard labor or death, and the accused is entitled to demand a trial by jury of not less than 12, and that right the accused is not permitted to waive. State v. Thompson, 104 La. 168, 28 South. 882.

If the Legislature, in enacting Act No. 83 referred to, had contemplated that children less than 17 years of age, charged with the crime of murder by indictment, should be tried before the juvenile court, the statute would certainly have provided for such trials

therein; but the act fails to do so. Cases in which children are charged with the commission of a crime carrying with it the death penalty are nowhere referred to.

The seventeenth section of the statute declares, in relation to the effect of the enactment of the law, that it only repealed such laws or parts of laws as were in conflict with the statute. The General Assembly certainly did not propose, through the enactment of the statute in question, that any article of the Constitution should either presently or prospectively be affected or repealed by it. We cannot reasonably so construe the act as to result in leaving a child under 17 years of age free to commit murder under no greater penalty than being subjected to reformatory discipline during the period of his minority.

The vote of the people ratifying the act did not extend the terms of the statute. We have not the slightest idea that the General Assembly intended that charges for murder as having been committed by children under 17 years of age should fall under or be governed by the provisions of the act in question.

. For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, avoided, and reversed, and it is ordered, adjudged, and decreed that the case be remanded to the district court and reinstated on its docket, to be further proceeded with in the district court according to law.