(52 South. 981.)

No. 18,310.

STATE v. WILSON.

(June 20, 1910.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION (§ 34*)—VALIDITY.

State v. Logan, 104 La. 254, 28 South. 912, affirming State v. Morrison, 30 La. Ann. 817, is itself affirmed.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 138–143; Dec. Dig. § 34.*]

2. CRIMINAL LAW (§ 1121*)—APPEAL—QUESTIONS OF FACT—REVIEW.

The defendant excepted to the jurisdiction of the district court on the ground that he was under the age of 17 years. The trial court overruled the exception. The evidence on that subject is not all before the court, and it does not feel warranted on the record in setting aside the ruling of the district judge on the question of fact.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2938, 2939; Dec. Dig. § 1121.*]

Appeal from First Judicial District Court, Parish of Caddo; A. J. Murff, Judge.

Ras Wilson was indicted for manslaughter, and, on motion to quash being overruled, he appeals. Affirmed.

Hugh C. Fisher, for appellant. Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

Statement of the Case.

NICHOLLS, J. On the 22d of April, 1910, the appellant, Ras Wilson, was charged with manslaughter, under an indictment found against him by the grand jury for the parish of Caddo, for having killed and slain one Jackson.

The minutes of the 22d of April show that on that day:

"The grand jury came into court to make its final report, and with leave of the court presented to the court the following bills of indictment, which the court ordered filed and made of record, and that process issue immediately, and the sheriff was authorized to take the bond as fixed by the court:  *  *  *
"11,399. State of Louisiana v. Ras Wilson," manslaughter.

The minutes of April 23, 1910, show under the proper number and title that, the defendant being present at the bar in open court, he was duly arraigned and pleaded "not guilty."

On May 9, 1910, with leave of the court, defendant withdrew his plea of not guilty, and filed a motion to quash and a plea to the jurisdiction of the court, which were overruled.

The motion to quash the indictment was prayed for on the following assigned reasons:

"That there had been no legal indictment found against him by the grand jury, as said indictment when presented in open court by the grand jury was not read in said open court in the presence of the grand jury, in order to permit said grand jury to make substantial amendments to said bill, if desired according to law as per copy of minutes of this honorable court of April 22, 1910, attached hereto and made part hereof. That said indictment is illegal, null, and void, and of no effect, as the defendant or person charged is a minor below 17 years of age and the grand jury has no power to indict a minor. All proceedings against minors must be by affidavit.
"In view of the premises, defendant and mover prays that this motion be sustained, and that, accordingly, said indictment be quashed, annulled, and set aside, and that defendant and mover be discharged from custody. Further prays for costs and for all general and equitable relief."

The exception to the jurisdiction was based upon the following allegations:

"That defendant is a minor under the age of 17 years, and that, therefore, this honorable court, sitting as a court for the trial of ordinary criminal cases, has no jurisdiction over the person of the defendant, or over the offense or crime charged.
"In view of the premises, defendant prays that this exception and plea to the jurisdiction, after due hearing had, be sustained, and that, accordingly, said case be dismissed, and the defendant discharged from custody. Further, for costs and general and equitable relief."

The motion to quash and the exception to the jurisdiction were tried together and overruled, and bills of exceptions were reserved.

The bills of exceptions declared that the trial judge stated:

"There being no law requiring the bill of indictment to be read in open court when returned, the motion to quash on that ground was overruled. That although there was some evidence that defendant was under 17 years of age, his appearance struck the court as being older; and, his intelligence being sufficient to justify the court in holding him responsible as an adult, it overruled the plea to the jurisdiction."

The issues were tried before a jury of 12, which returned a verdict of "guilty as charged." Defendant moved for a new trial on the ground that the verdict rendered was contrary to the law and the evidence. The motion was overruled, but no bill of exceptions was reserved.

The defendant was sentenced to be imprisoned in the state penitentiary at Baton Rouge for a term of five years from the date of his incarceration therein, subject to commutation as provided in Act 112 of 1890. Defendant has appealed.

Appellant cites in support of his defense: State v. Logan, 104 La. 254, 28 South. 912; Acts 1908, No. 83; State v. Ragan, 125 La. 121, 51 South. 89; State v. Prater, 125 La. 573, 51 South. 647; State v. Lanassa, 125 La. 687, 51 South. 688; State v. Baroni, 125 La. 687, 51 South. 688.

Counsel for the state refer the court to Act No. 82 of 1906; 22 Cyc. p. 626.

The indictment which is sought to be quashed, with its indorsements thereon, is copied in the record. It is indorsed by the clerk:

"No. 11,399. State of Louisiana v. Ras Wilson. Manslaughter."

Below this indorsement are the words:
"A true bill.
"W. N. Glassel, Foreman Grand Jury."

And below this are the words:
"Filed April 22, 1910.
"A. S. Hardin, Dy. Clerk."

## Opinion.

State v. Logan expressly affirmed State v. Morrison, 30 La. Ann. 817, and declared that that decision was still in force; that the facts in State v. Mason, 32 La. Ann. 1018, were entirely different from those in the former case. The indorsement upon the indictment: "A true bill. W. N. Glassel, Foreman Grand Jury"—in the present case (as in State v. Mason), was written and signed by the foreman himself. There is no dispute as to that fact.

On behalf of the prosecution it is maintained that Act 82 of 1906, creating a juvenile court, excepted from the provisions of the act those persons charged with murder, rape, and manslaughter; that that portion of the act is not inconsistent with the provisions of Act No. 83 of 1908, and is therefore not repealed; that the law does not favor repeal by implication; that when defendant appeared to the trial judge over 17 years of age, and the evidence did not satisfy him to the contrary, there was nothing for him to do but to order the case to be tried by a jury; that if the defendant was not satisfied with the ruling of the trial judge on the questions of age, he should have then asked the judge to charge the jury that if they found him to be under 17 years of age they had no jurisdiction to try the case; that a defendant, seeking to shield himself from responsibility for crime on the ground of infancy, must show that he is within the age under which the law either conclusively or prima facie presumed him to be incapable of committing a crime. 22 Cyc. p. 626.

Counsel urge that in section 17 of the act of 1908 it is provided that the court may commit the child to the State Reformatory "when the delinquency charge would in an adult amount to a crime punishable at hard labor"; that the proviso in that section said "that said commitment may be for an in-

definite period, but in no case beyond the minority of the child," means where the judge in his discretion has tried the offender "as a juvenile"; that sections 9 and 17 of the act, read together, mean that it is discretionary with the judge, in capital and hard labor cases, to try the offenders either by the criminal or the juvenile court; that the provisions of the act of 1906 still remain in force so far as they are not inconsistent with the act of 1908; and that the exception to the rule of trial of persons under section 17 exists in the crimes of murder, rape, and manslaughter.

The ninth section referred to declares that the juvenile court and the district courts outside of said parish sitting as juvenile courts shall have jurisdiction of the trial of all neglected and delinquent children and of all prisoners charged with contributing to the neglect or delinquencies of such children, or with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral, and mental well-being of such children, not punishable by death and hard labor, and of all cases of desertion or nonsupport of children by either parent. The tenth section declares that when a child is charged under this act, or any person is charged under this act with an offense of any child, and said child is alleged to be under any given age and shall appear to the court to be under that age, such child for the purpose of this act shall be presumed under that age unless the contrary shall be proved. There is no reference in the indictment to the age of the party accused therein. Whether or not the defendant was in fact under 17 years of age was a matter to be shown by evidence. The court has no knowledge of what evidence was taken on trial of the motion and exception. The trial judge was evidently of opinion that the accused was over 17 years of age. The court does not feel warranted (under the situation as disclosed by the record as to that question of fact) in setting aside the verdict and reversing the judgment of appeal.

The judgment appealed from is affirmed.