LAND, J.
The accused was indicted for murder, found guilty of manslaughter, and has appealed from a sentence of imprisonment at hard labor. It appears that the accused, a minor under the age of 17 years, pleaded to the jurisdiction of the district court, on the ground that the juvenile court alone had jurisdiction in the premises. This plea was sustained, but on appeal by the state the ruling was reversed by the Supreme Court, and the case was remanded for further proceedings under the indictment. See State v. Howard, 126 La. 353, 52 South. 539.
After the case was remanded, the same plea was interposed by the defendant, and was properly overruled.
We find in the record a bill of exception to the admissibility of a certain confession (so called) of the accused, “to the effect that the deceased had shot himself after being warned not to fool with the gun.” We agree with the trial judge that a proper foundation was laid for the introduction of this evidence, and that it worked no injury to the accused, being entirely in ¿is favor. We may add that there was no confession, the statement being exculpatory. State v. Picton, 51 La. Ann. 624, 25 South. 375; State v. Aspara, 113 La. 940, 37 South. 883.
The next bill was to the refusal of the judge to give special instructions as follows:
“A confession made to cue in authority over accused, in answer to a question put by the person in authority, is not free and voluntary, unless he is specially warned that his answer may be used against him.”
The instructions were not applicable,, because the accused did not confess, but denied guilt. See Marr’s Criminal Jurisprudence of Louisiana, § 397. Moreover, it was not necessary for the state to show that the accused was warned. State v. Bunger, 14 La. Ann. 465; State v. Foster, 36 La. Ann. 878.
The motion for a new trial raised no question of law, except as to the jurisdiction of the court, which has already been considered.
The motion in arrest charges that the. indictment is illegal, informal, null, and dis *438 closes no proper accusation of any crime known to the laws of the state of Louisiana. The indictment charges murder in the usual form.
Judgment affirmed.