SOMMERVILLE, J.
Defendant is appellant from an unqualified verdict and sentence under an indictment reciting that he “willfully, feloniously, and of his malice aforethought did kill and murder one Lizzie Max.” A motion in arrest of judgment was filed on the ground that Revised Statutes, § 1048, requires that the indictment for murder “shall charge that the defendant did feloniously, willfully, and of his malice aforethought kill and murder the deceased.”
The indictment must clearly inform the accused of the crime with which he is charged; and it is also necessary that, when the form of indictment is prescribed by law, that form must be followed. Hence, when the pleader departs from the statutory form, he does so at his risk; and, if he uses words different from those used in the statute, he must use words of equivalent meaning. But we fail to see any difference between the form of indictment prescribed by law and that actually used in the indictment. Whether the word “did” immediately precedes “feloniously, willfully, and of his malice aforethought,” or whether it immediately precedes the words “kill and murder,” the meaning is identical.
In the ease of State v. Fletcher, 127 La. 602, 53 South. 877, we held that the words “with malice aforethought” are equivalent to the words of the statute “of his malice aforethought,” and in that case the verdict and sentence were sustained.
We find no error in the ruling complained of, and the conviction and sentence appealed from are accordingly affirmed.