(90 South. 23)

No. 24623.

## STATE v. RESTIVA.

(May 30, 1921. On Rehearing, Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. Homicide ⬡127—Indictment for murder held sufficient.

An indictment charging that defendant "willfully and feloniously and with malace aforethought did kill and murder," objected to because of omission of word "his" before "malice," and that the word "did" should precede "willfully" instead of "kill," *held* valid and sufficient.

2. Indictment and information ⬡79 — Misspelling of malice held not to invalidate an indictment.

The word "malice," in an indictment for murder, is equivalent to the word "malace," under the rule of idem sonans, and absolute accuracy in spelling is not required in legal documents or proceedings, if the name as spelled sounds the same to the ear.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; R. S. Ellis, Judge.

Mariane Restiva was indicted for murder, and a demurrer to the indictment was sustained, and the State appeals. Judgment appealed from annulled, avoided, and reversed, and cause remanded upon rehearing.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, of counsel), for the State.

Rownd & Hungate, of Hammond, for appellee.

PROVOSTY, J. A demurrer was sustained below to the indictment reading that the accused "willfully and feloniously and with malace aforethought did kill and murder," etc. The defects consist in the omission of the word "his" before "malice" and in the use of the word "malace" instead of "malice"; both fatal. Marr's Crim. Juris. p. 55.

Judgment affirmed.

MONROE, C. J., concurs in decree for the reason that the word "malice" does not appear in the indictment.

O'NIELL, J. (concurring in the result). The expression "with malice aforethought" has precisely the same meaning as "of his malice aforethought." I do not find anything to the contrary in Marr's Criminal Ju-

risprudence, p. 55. The typographical error, or error in spelling, whichever it was, in the writing of the word "malice" "malace," is not so serious that it cannot be cured by an application of the doctrine of idem sonans.

The defendant in this case, however, urged another cause for contesting the validity of the indictment; that is, that one of the jury commissioners had vacated the office by qualifying for a municipal office. The court ruled that the indictment was not invalid for that reason, but that it was invalid because its language was not correct. The state and the defendant both appealed. I cannot reconcile the ruling on the qualification of the jury commissioner with the rulings of this court on the same subject in State v. Bain, 135 La. 776, 66 South. 196, and State v. Lewis, 135 La. 781, 66 South. 199. For that reason, I concur in the decree quashing the indictment.

### On Rehearing.

LAND, J. [1] A motion to quash was sustained below to the indictment reading "willfully and feloniously and with malace aforethought did kill and murder," etc. The defects complained of consist in the omission of the word "his" before "malice," and in the use of the word "malace" instead of "malice." It is also further complained that the word "did" should precede the word "willfully" instead of the word "kill."

On the original hearing the judgment appealed from was affirmed by this court, and a rehearing has been granted.

In the case of State v. Fletcher, 127 La. 602, 53 South. 877, this court decided that the words "with malice aforethought," in an indictment for murder, are equivalent to the words of the statute, and are sufficient.

In the case of State v. Max, 129 La. 546, 56 South. 503, it was held by this court that the mere transposition, in an indictment for murder, of the word "did" from before the word "feloniously" to after the word "aforethought" does not in any wise affect the validity of the indictment.

[2] The word "malace" is equivalent to "malice" under the rule of idem sonans. Absolute accuracy in spelling is not required in legal documents, or in legal proceedings, if the name as spelled in the document or proceeding produces the same sound to the ear. 1 Wharton, Crim. Ev. (10th Ed.) p. 289, par. 96.

The attack on the indictment in this case because one of the jury commissioners had vacated the office by qualifying for a municipal office has been withdrawn and abandoned. The indictment is therefore valid and sufficient. Our former judgment in this case being erroneous, it is ordered, adjudged, and decreed that the same be set aside, and it is now ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the lower court to be proceeded with in due course and according to la---