ODOM, Justice.
 

 The defendant was indicted for the crime of rape, convicted as charged without capital punishment, and sentenced to hard labor for life. He appealed from the conviction and sentence.
 

 There are in the record 30 bills of exception, each of which is based upon an alleged error in. the proceeding. ' It is unnecessary to mention or discuss these bills because there is an error of law apparent on the face of the record. This error is set up by counsel for defendant in a special assignment of errors filed in this court.
 

 Article 421 of the Code of Criminal Procedure provides that, “When the error in the proceedings complained of is discoverable only by the taking of evidence, the method of setting aside the verdict is by means of a new trial; when the error is patent upon the face of the papers, the method is by an arrest of judgment or by an assignment of errors”.
 

 Article 560 of the Code of Criminal Procedure says that an assignment of errors “is a written statement filed by the appellant in the appellate court, within ten days after the transcript is brought up, setting up some error of law apparent on the face of the record”. That article goes on to provide: “When the certificate of the officer who has made up the transcript shows that the transcript is complete, the appellant may at any time, orally or in brief, call the attention of the court to any error apparent on the face of the record, without making any formal assignment.”
 

 There is attached to the record in this case a certificate of the clerk that the transcript is complete.
 

 The transcript was filed in this court on May 26, 1941. On June 6, following, counsel for defendant filed in this court a formal assignment of errors, which recites among other things, “That the record in this case shows that the trial, the ver.dict of the jury, and the sentence of the court, were had upon an invalid bill of indictment.”
 

 Attached to this formal assignment of errors is a certificate, signed by one of defendant’s attorneys, that a copy of the assignment was mailed to the district attorney on June 4, 1941. Counsel for defendant filed their brief -in this court on October 1. Counsel for the State filed their brief on October 9. The case was argued orally on October 10.
 

 In the brief filed by counsel for defendant there is printed at page 101 what is
 
 *267
 
 designated as a "Special Assignment of Errors”, from which we quote the following extract: “ (3) The last ground urged in the special assignment of errors is that the record in this case shows that the trial, the verdict of the jury and the sentence of the Court were had upon an invalid bill of indictment. This special assignment of errors is urged because the bill of indictment does not show that it was endorsed by the foreman of the grand jury as a true bill.”
 

 It does not appear from the record, which includes the minutes of the court, that the' indictment against the defendant was endorsed and signed by the foreman of the grand jury. The minutes of January 17, 1941, read as follows:
 

 “The Grand Jury being present in Open Court, after having been polled, through their foreman, presented to the Court the following Bill of Indictment, which they agreed should be amended as to form, altering nothing as to substance, which bill the Court ordered filed, numbered and recorded and warrants issued for the arrest of the accused, and when so arrested to be allowed bail as indicated on the face of the indictment, the Sheriff or any of his legally qualified deputies be authorized to take and approve the same.
 

 “The Bill was as follows, to-wit:
 

 “7563 State of Louisiana v. George Stoma, Rape.”
 

 This minute entry begins on page 1 and ends on page 2 of the record. Neither the bill of indictment nor any endorsement thereon (if there were any endorsement) was copied in the minutes immediately following the above minute entry. But on page 2 of the record, immediately following the above entry, we find the minutes of the court of January 22, 1941. This minute entry reads in part as follows: “7563 State of Louisiana vs George Stoma, Rape. Accused appeared in Open Court, represented by counsel, and the State being represented by the District Attorney, and accused before pleading to Bill of Indictment, files motion for appointment of experts to examine prosecuting witness”, etc.
 

 Immediately ■ following this last minute entry, we find the minutes of January 24, 25, March 24, 25, 31, April 2, 3, 4, 5, 6, and 10, all of which related to certain proceedings had, including the arraignment, the empanelling of the petit jury, the trial, conviction, and sentence. These minute entries run consecutively in the record and cover 26 pages.
 

 A copy of the bill of indictment, signed by the district attorney, is found on page 27 of the record. But the clerk copied only the face of the indictment. This record on page 27 reads in part as follows:
 

 “Bill of Indictment
 

 “Filed January 17, 1941
 

 “State of Louisiana, Parish of Vernon.
 

 “In the Eleventh Judicial District Court.
 

 “In the name and by the afithority of the State of Louisiana, the Grand Jurors duly empaneled and sworn, in and for Parish of Vernon, District and State aforesaid, upon their oath present that George Stoma late of the Parish of Vernon”, etc.
 

 
 *268
 
 Then follow recitals charging that the defendant did, on or about a certain date, in the Parish of Vernon, State of Louisiana, commit the crime of rape, the indictment being signed by the district attorney. But neither in connection with this record nor anywhere else in the transcript is there found any evidence that the indictment was endorsed “A True Bill”, or that there was any endorsement whatever upon the bill showing that it was one returned by the grand jury, and no evidence or indication that it was signed by the foreman of the grand jury.
 

 Article 3 of the Code of Criminal Procedure reads as follows: “An indictment is a written accusation of crime found by a grand jury. The finding must be concurred in by at least nine of the grand jurors and the indictment indorsed a true bill, and that indorsement must be signed by the foreman of the grand jury.”
 

 This court has repeatedly held that an indictment which is not properly endorsed and signed by the foreman of the grand jury is no indictment at all, and that all proceedings had under an indictment not so endorsed are fatally defective.
 

 In State v. Morrison, 30 La.Ann. 817, this court said: “The finding of the Grand Jury is expressed in one way alone; and that is by the indorsement of the crime, for instance, ‘Murder,’' followed by the words ‘a true bill,’ signed by the Foreman^ in his official capacity, in the presence of the Grand Jury, in attestation of their official action; and no other evidence can be received to show that they have acted upon the charge and found the bill, than that afforded by the indorsement of the crime, and the finding, ‘a true bill,’ verified by the signature of the Foreman.”
 

 In State v. Logan, 104 La. 254, 28 So. 912, it was held, to quote Paragraph 2 of the syllabus, which is a correct statement of the ruling by the court, that: “A verdict and judgment of conviction in a criminal case based upon an indictment on which are not indorsed the words, ‘A true bill,’ followed by the signature of the foreman of the grand jury evidencing a finding of the grand jury to that effect, cannot he sustained, since there is not a valid indictment. Especially is this true in the absence of a minute entry disclosing that the indictment was read in open court in the presence of the grand jury.”
 

 In that case, the court affirmed the ruling in State v. Morrison, supra. In State v. Wilson, 126 La. 661, 52 So. 981, the court reaffirmed the ruling in State v. Morrison and affirmed the ruling in State v. Logan, supra.
 

 In State v. Bay, 148 La. 559, 87 So. 294, 299, decided November 3, 1920, it was held on rehearing that an indictment not properly endorsed by the foreman of the grand jury was invalid. The court cited and followed the ruling in the Morrison, Logan, and Wilson cases, supra. It was pointed out by the author of the opinion on rehearing that there was no statute of this state requiring the signature of the foreman of the grand jury, or of anyone, to an indictment in order to make it valid. Bút the court-said that, since it had been repeatedly
 
 *269
 
 held that, in order to be valid, a grand jury indictment must be properly endorsed “A True Bill” and that endorsement signed by the foreman of the grand jury, “we find no sufficient reason for establishing a precedent at variance with that jurisprudence. Our conclusion then is that the record fails to disclose a valid indictment.”
 

 In this connection we take occasion to say that, since the Bay case was decided, the Code of Criminal Procedure has been adopted, which code specifically provides in Article 3 that the finding of the grand jury must be concurred in by at least nine of the grand jurors “and the indictment indorsed a true bill, and that indorsement must be signed by the foreman of the grand jury”.
 

 Since there is nothing in the record to show that the indictment in this case was properly endorsed and since the clerk has certified that the transcript brought up is complete in every detail, it clearly appears that there is an “error of law apparent on the face of the record”.
 

 For the reasons assigned, it is ordered that the verdict and sentence appealed from be annulled and set aside, and further ordered that the defendant be discharged from custody.