## ROBERT WHITLOCK SNYDER *v.* STATE OF MARYLAND

[No. 7, October Term, 1947.]

*Decided November 3, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Joseph C. Cissel* and *John R. Reeves* for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *Walter W. Dawson, State's Attorney for Montgomery County,* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellant was tried in the Circuit Court for Montgomery County, and found guilty of murder in the first degree without capital punishment. He was sentenced to life imprisonment in the Maryland Penitentiary. During the course of his trial, he filed a plea to the jurisdiction of the Court, stating that it ought not to take cognizance of the offense because he is a child under the age of 16 years. The State demurred to this plea, and the demurrer was sustained by the Court. The appeal brings here the question of the correctness of this action of the Court. This depends upon the construction of Chapter 1044 of the Acts of Assembly of 1945 which provides for a juvenile court in Montgomery County. It is contended that under that statute a child under the age of 16 years could not be tried in the Circuit Court on an indictment charging murder, but would have to be dealt with in the juvenile court.

Chapter 1044 establishes a Magistrate Court in Montgomery County to be known as "The Magistrate Court for Montgomery County for Juvenile Causes." It does this by adding 19 new sections to Article 16 of the Code of Public Local Laws of Maryland. One of these sections, 547E gives the Magistrate for Juvenile Causes appointed under the act exclusive jurisdiction over other justices of the peace or trial magistrates in proceedings

concerning any child within Montgomery County who is dependent, delinquent, neglected or is a minor without proper care or guardianship. The term "delinquent" is defined in Section 547F to mean and include "any child who violates any law or ordinance of the State or who commits any act which, if committed by an adult would be a crime *not* punishable by death, or by life imprisonment." (Italics supplied). Section 547K provides in part "No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction of a crime, *nor shall any child be charged with or convicted of a crime in any court,* except that in the case when a child sixteen years of age or over is charged with an offense which would amount to a felony in the case of an adult, the judge, after full investigation, may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult." (Italics supplied.)

Under these sections, and particularly under Section 547K, the appellant contends that no person under the age of 18 (which is the age limit of a "child" under the definition contained in Section 547D) can be charged with or convicted of a crime in any court, and that the exception which permits a child 16 years of age or over, charged with a felony, to be tried by the Circuit Court after a waiver of jurisdiction by the Magistrate for Juvenile Causes, does not apply to him because he is under 16. His contention, in brief, is that up to the age of 16, no person can be charged with a crime in Montgomery County, and that a person between the ages of 16 and 18 can only be tried for a crime if he is charged with a felony and the magistrate waives jurisdiction. This construction would leave it in the power of the magistrate to determine whether any person under the age of 18 years could be tried for anything in the Circuit Court for Montgomery County. The appel-

lant cites, in support of this contention, the purposes of the enactment laid down in Section 547C and the statement therein that the provision shall be liberally construed to accomplish these purposes. He also cites a number of cases and articles in *American Jurisprudence, Corpus Juris,* and the *Harvard Law Review,* to show that the modern tendency is to establish special courts for juveniles wherein they are not tried as criminals, and no record is made of their offenses against the laws, but an effort is made to find what is wrong with their heredity or their environment, and to endeavor to correct the situation so as to prevent them from proceeding further on a downward path. We are familiar with the modern trend in this respect, and it has received approval by the Legislature of this State through the passage not only of the act before us, but of other acts establishing juvenile courts. We must, however, determine what the Legislature meant in the Montgomery County act from what it said in the act establishing the juvenile court there, and not from any general trend or statement of policy.

We find that the jurisdiction given to the Magistrate for Juvenile Causes in Montgomery County does not extend to children who commit an act which, if committed by an adult, would be a crime punishable by death or life imprisonment. That appears to be clear from the definition in Section 547F, above set out. The inclusion of jurisdiction over those who do not commit such an act makes it clear that those who do commit such an act are not within the jurisdiction of the magistrate. If they are not within his jurisdiction, he has no power over them whatever, and they are left to the ordinary jurisdiction of the Circuit Court. The statement in Section 547K prohibiting any child with being charged with or convicted of any crime in any court does not refer generally to children. It refers only to those children who come within the definition of "child" in Section 547D, which is a "minor under the age of 18 years *who is subject to the jurisdiction of the Court.*" (Italics supplied). Under this construction, which seems

to be the only one permissible under the specific wording of the statute, the Magistrate for Juvenile Causes has jurisdiction over all children under the age of 18 *except those who have been charged with a crime which if committed by an adult would be subject to punishment by death or imprisonment for life.* Children who commit acts which would be crimes other than these are subject to the magistrate's jurisdiction, but those above the age of 16 who commit felonies other than those punishable by death or imprisonment for life, may be tried by the Circuit Court if the magistrate determines to waive jurisdiction. That is not only a necessary conclusion from the wording of the statute, but it seems to us to be the only reasonable one that the Legislature could have intended. We would be loathe to hold that persons under the age of 18 could commit murder or rape and could receive no punishment, but would be placed under the control of the juvenile court during minority, after which such person would be entirely free from any legal restrictions. The Legislature could not have contemplated such a result as this, and it is very plain that it did not say anything which should be so construed.

It is hardly necessary to cite cases from other jurisdictions in support of this conclusion, but a very recent case in the Supreme Court of Indiana construed a statute there in precisely the same way as we have construed the Montgomery County statute, and held that the juvenile magistrate only had jurisdiction over such children as were defined in the act. The act in that case also defined delinquent children as those who do not commit an act which if committed by an adult would be a crime punishable by death or life imprisonment. That is the case of *State ex rel. Imel v. Municipal Court of Marion County,* Ind. Sup., 72 N. E. 2d 357. In the New Jersey case of *Ex parte Mei,* 122 N. J. Eq. 125, 192 A. 80, 110 A. L. R. 1080, the court held that the legislature was without constitutional authority to provide that a person under 16 years of age could commit murder, and be subject only to the jurisdiction of the juvenile

court. In *People v. Murch,* 263 N. Y. 285, 189 N. E. 220, the New York court construing a statute similar to the one before us, held that the only crimes which a child under 16 years of age could commit were treason, murder in the first degree and murder in the second degree, and that as to those crimes alone in the case of such a child, would the criminal court have jurisdiction. In Louisiana the statute was silent concerning capital offenders, but the Supreme Court there held that if the legislature had contemplated that children under 17 years of age charged with the crime of murder should be tried before the juvenile court, the statute certainly would have provided for such trial there, and in the absence of such provision the court said "we cannot reasonably so construe the act as to result in leaving a child under 17 years of age free to commit murder under no greater penalty than being subjected to reformatory discipline during the period of his minority." *State v. Howard,* 126 La. 353, 52 So. 539.

We conclude that the ruling of the trial court in sustaining the state's demurrer to the appellant's plea was correct, and that the judgment should be affirmed.

*Judgment affirmed, with costs.*