249 So.2d 101

**STATE of Louisiana**

v.

**Albert Andrus LaFLEUR, Jr.**

No. 50932.

June 7, 1971.

Lacour & Wilson, Nathan E. Wilson, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent

Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

DIXON, Justice.

By information, it was charged that appellant and another "unlawfully did violate R.S. 40:1033(8) in that they obtained a central nervous system drug, to-wit: Soconal, by the use of a false name and the giving of a false address, * * *." Defendant waived his right to a jury trial, and the case came on for trial. While examining one of the State's witnesses, a pharmacist, the assistant district attorney learned that the correct spelling of the drug in question is "seconal," and that that drug is a barbiturate. At that point the State moved to amend the information, which motion was granted over defendant's objection. Defendant reserved, but never perfected, a bill of exception. Defendant was convicted and sentenced for his crime.

⬛ Defendant now urges the amendment of the information as the sole ground for reversal. The State counters by suggesting that this court is precluded from considering the alleged error because no bill of exception was perfected. The State's contention in this regard is without merit. Louisiana Code of Criminal Procedure article 920 provides:

"The following matters and no others shall be considered on appeal:

"(1) Formal bills of exceptions that have been submitted to and signed by the

trial court in accordance with Article 845, whether or not the bills of exceptions were made a ground for a motion for a new trial; and

"(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."

A bill of information is a pleading, and a defect in the bill is an error of law discoverable by a mere inspection of the pleadings. In State v. Stoma, 199 La. 529, 6 So.2d 650, 651 (1942), this court ruled that there was an error of law apparent on the face of the record where there was nothing in the record to show that the indictment properly had been endorsed "a true bill" by the foreman of the grand jury. In reversing the conviction, this court said:

"It is unnecessary to mention or discuss these bills because there is an error of law apparent on the face of the record. This error is set up by counsel for defendant in a special assignment of errors filed in this court."

⬛ Certainly an appellate court should have the right to notice all errors within the record. See Official Revision Comment (a) to Louisiana Code of Criminal Procedure article 920. Assignment of error or specification of error is an appropriate method for bringing before this court any alleged error that is discoverable

by a mere inspection of the pleadings and without inspection of the evidence. Louisiana Code of Criminal Procedure article 920; State v. Stoma, supra.

Accordingly, the question properly before this court is whether the trial court erred in granting the State's motion to amend the information without ordering a mistrial. Louisiana Code of Criminal Procedure article 487 requires that "After trial begins a mistrial shall be ordered on the ground of a defect of substance."

Defendant cites the case of State v. Sylistan, 169 La. 699, 125 So. 859 (1930), as supporting his contention that the amendment was substantial. In that case the accused was charged with having forged an order on a corporation for $6.00. When the district attorney found himself unable to produce the $6.00 order, he amended the indictment to charge the forgery of *another* order on the corporation in the amount of $4.00. This court held that amendment to be substantial, and reversed the conviction.

■ However, State v. Sylistan is distinguishable from the case at bar in that there a separate and distinct act was substituted for the one charged in the original indictment. Here, the only changes were: (1) to correct the erroneous spelling "soconal"—clearly no more than an "imperfection" within the meaning of Louisiana Code of Criminal Procedure article 487; and, (2) to characterize that substance as a barbiturate rather than as a central nervous system drug. We note that Louisiana Revised Statutes 40:1033(8), referred to in the information, forbids the use of a false name or the giving of a false address to obtain either a barbiturate or a central nervous system stimulant. The one subsection covers both types of substances. The drug itself was named with reasonable certainty in the original information. The amendment changed neither the number of the subsection of Louisiana Revised Statutes 40:1033 alleged to have been violated nor the name (as opposed to the spelling of the name) of the drug. Under these circumstances, we hold that the characterization of the named drug as being a central nervous system drug rather than a barbiturate, both types of drugs being covered by the one subsection referred to in the information, is at most a mere "imperfection" within the meaning of Louisiana Code of Criminal Procedure article 487. As such, it was correctable at any time without need for mistrial.

We note that in amending the information the assistant district attorney made yet another spelling error: he incorrectly wrote down the word "barbituate," whereas the Legislature and the dictionary both agree that the word should be spelled "barbiturate." As with the misspelling of seconal, however this is immaterial under the

rule of idem sonans. State v. Brown, 180 La. 299, 156 So. 359 (1934); State v. Restiva, 149 La. 683, 90 So. 23 (1922).

Accordingly, after considering appellant's specification of error, we find that it is without merit. The conviction and sentence are affirmed.