XANPI *vs.* ORSO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the law of prescription is changed after it has partly run against a debt, the *time* elapsed under the old law, in proportion to the whole *term*, is to be reckoned and added to the prescription acquired under the new law, in proportion as the time elapsed under each law, bears to each term : thus, if the term of prescription is thirty years under the old law, and fifteen years has elapsed before the change, *prescription is half gone;* and the new prescription being ten or twenty years, only five or ten years are required to complete it.

Before the promulgation of the Louisiana Code, the 20th May, 1825, *hypothecary debts* were prescribed by the lapse of thirty years, while the period fixed by the code, is ten years if the creditor resides in the state, and twenty if he lives out of it. So, where a debt became due and demandable the 24th May, 1810, and suit was instituted the 4th June, 1835, the plaintiff residing out of the state : *Held*, that the debt is *prescribed ;* fifteen years, *less four days*, having elapsed under the old law, and ten years and fourteen days under the code, which is more than *half the time* required to complete the prescription.

This is an action instituted by Desirée Orso Xanpi, against her mother Louise C. Orso, to recover the sum of two thousand and ninety-six dollars, which she alleges is due to her as her portion of her father's estate.

The plaintiff resides in the state of Virginia, and instituted this suit in the First District Court of Louisiana, in New-Orleans, the place of the defendant's domicil, the 4th June, 1835. She alleges that her father, Jean Baptiste Orso, died about the year 1805, leaving an estate which was inventoried and appraised at thirty-two thousand eight hundred and eighty-six dollars, the nett proceeds of which was to be divided between her mother and the children ; and that her share is two thousand and thirty-six dollars, for which she now sues.

She further shows that her mother, with the consent of the executor and guardian *ad litem* of the minor children, procur-

8

ed the estate to be adjudicated to her at the price of appraisement, binding herself to pay the share coming to each of the children ; the sum she now claims.

The defendant pleaded a general denial.

A further plea of prescription was pleaded in the Supreme Court.

In the District Court, the plaintiff had judgment for the aggregate sum of five thousand and ninety dollars, which included interest.

The defendant appealed, and in the Supreme Court pleaded prescription.

*Gray,* for the plaintiff.

1. The plaintiff's capacity to sue as heir, is not specially denied, and by the plea of the general issue, is admitted. When the plaintiff claims in a representative capacity, the plea of the general issue puts him on proof of that capacity, if conferred by *contract ;* but a special plea is necessary to put it at issue, if *created by law* as an executor, curator, &c. 3 *Martin,* 378.   2 *Martin, N. S.,* 389.   5 *Ibid.* 343.   1 *Louisiana Reports,* 113.   4 *Ibid.* 328.   5 *Ibid.* 405.

2. This is not an action against the defendant as tutrix, and is not governed by the prescription in such cases.   The property was adjudicated to her, and she is liable, personally, for the plaintiff's share.   She never was appointed tutrix, and under the Spanish law was not tutrix 'by nature.   *Frebrero Tapia, tit.* 4, *de la Tutela, Nos.* 4, 7, etc.   *Partida* 7, *tit.* 16, *law* 1, 2, 3, 4.

3. This is not a personal action, because the debt is secured by a mortgage.   According to the Spanish writers and authorities, the action in such cases is *mixt,* and is not prescribed until the lapse of thirty years.   *Laws of Toro,* 63. *Neuvo Rec., lib.* 11, *tit.* 8, *law* 5.   3 *Frebrero Tapia, p.* 271, *lib.* 3, *de les accio.*   In this case thirty years have not elapsed since the plaintiff became of full age.

4. The obligation upon which this action is founded, is both personal and hypothecary, i. e. accompanied by a mortgage on the property of the defendant generally.   It is also

, special on the property adjudicated for the price or purchase money. There are indeed two, one tacit or legal, and the other conventional. The plea of prescription cannot avail.

*J. Seghers,* for the defendant.

1. The action in this case is barred by the prescription of ten and twenty years; this time having elapsed since the plaintiff came of age. *Louisiana Code, article* 3508. *Goddard's Heirs* vs. *Urquhart,* 6 *Louisiana Reports,* 659.

2. The claim for interest is barred by the prescription of four years. *Louisiana Code,* 356. *Civil Code, page* 70, *article* 71, 72, 77.

3. Interest ceases to run when its amount equals the capital.

4. The plaintiff contends on the authority of Berluchaux *vs.* Berluchaux, 7 Louisiana Reports, 539, that their mother was *not* her tutrix. If *so,* she is entitled to no interest, for the present suit is not for the price of property bearing or producing fruit, but only for a balance of account.

*Bullard, J.,* delivered the opinion of the court.

In this case the plea of prescription has been interposed in the Supreme Court, and our only inquiry is, whether the evidence in the record shows that the debt sued for has been extinguished by prescription.

The origin of the debt is as follows: On the death of the plaintiff's father, all the property held in community was adjudicated to her mother, the defendant, at the price of estimation, she binding herself to pay to each of the children their shares respectively. This adjudication took place in 1805; the plaintiff was born on the 24th May, 1789, and consequently attained the age of majority in 1810; at that time her share became due and demandable, and this suit was instituted on the 4th of June, 1835. The plaintiff resides out of the state.

It is contended by the counsel for the appellee, that by the Spanish law which was in force before the promulgation of the Louisiana Code, the prescription of thirty years applied,

Where the law of prescription is changed after it has partly run against a debt, the *time* elapsed under the old law, in proportion to the whole *term,* is to be reckoned and added to the prescription acquired under the new law, in proportion as the time elapsed under each law, bears to each term. Thus, if the term of prescription is thirty years under the old law, and fifteen years have elapsed before the change, *prescription is half gone,*

EASTERN DIST.    inasmuch as the debt was hypothecary, and he relies on the
*May*, 1837.     63d law of Toro ; the text of that law appears to support

XANPI            him in that position, although the action in this case is per-
*vs.*            sonal, the obligation sought to be enforced was by agreement
ORSO.            secured by mortgage on the property sold.

and the new pre-     Assuming the period of prescription to have been thirty
scription being
ten or twenty    years, it is clear they had not elapsed at the inception of this
years, only five
or ten years are suit.    But on the 20th May, 1825, the present code went in
required to com-
plete it.        operation, by which the prescription in cases like the present,
Before the pro-
mulgation of the was reduced to ten years between persons residing in the
Louisiana Code,
the 20th May,    state, and twenty when opposed to an absentee.    Indepen-
1825, *hypothe-*
*cary debts* were dently of the time which had elapsed before this change in
prescribed    by our legislation, the twenty years required for prescription had
the lapse of thir-
ty years, while  not expired when this suit was instituted.    It only remains,
the period fixed
by the code, is  therefore, to inquire, whether by computing the time which
ten years, if the
creditor resides preceded that change according to the term then required,
in the state, and
twenty if he lives and adding it to the time which has elapsed since, according
out of it: So,   to the principles recognized by this court 'in the case of God-
where a debt be-
came due, and    dard's Heirs *vs.* Urquhart, the prescription has been acquired.
demandable the   Fifteen years, less four days, had elapsed before the pro-
24th May, 1810,
and suit was in- mulgation of the code, that is to say, nearly half the time
stituted the 4th
June, 1835, the  necessary to prescribe.    Two years and four days were there-
plaintiff residing
out of the state: fore required under the new code ; from May 20, 1825, the
*Held*, that the date of promulgation, to June 4, 1835, is ten years and thir-
debt is *prescrib-*
*ed*; fifteen years, teen or fourteen days, more than one half the time required
less *four days*,
having elapsed   under the existing law.    6 *Louisiana Reports*, 659.    *Merlin's*
under the old
law, and ten     *Repertoire, etc., verbo prescription.*
years and four-
teen days under
the code, which      We are, therefore, of opinion the prescription had been
is more than     acquired, and the plea must be sustained ; and it is, ordered,
*half the time* re-
quired to com-   adjudged and decreed, that the judgment of the District
plete the pre-   Court be annulled and reversed, and ours is for the defendant,
scription.
                 with costs in both courts.