THOMPSON
*vs.*
SCALES.

## THOMPSON *vs.* SCALES.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE THEREOF PRESIDING.

The prescription of personal actions in this state, was *ten years*, before the promulgation of the Louisiana Code, in 1825, whether the parties were absent or present.

When the law is changed while prescription is running, it will be computed, and its benefits allowed under both laws, according to the principles established in the case of Goddard's Heirs *vs.* Urquhart. 6 *Louisiana Reports*, 659.

A receipt for a sum of money, coupled with a quantity of sugar, which the bailee promises to ship to a certain place, " sell to the best advantage, and account to the bailor for the net proceeds :" the money will not be considered as a deposit, a loan, or payment of an antecedent debt, but employed and laid out for the benefit of the bailor, and its proceeds to be accounted for by the bailee.

This is a personal action, instituted the 4th of May, 1835, by attachment, on the following instrument of writing. The suit is against Nancy Scales, as the sole heir and the mother of Nathaniel Scales, jr., deceased, residing in North Carolina. Service of process was acknowledged by her attorney, who was garnisheed the 23d of June, 1835. The receipt sued on, is as follows :

" Received this 30th day of March, 1820, of Joseph Thompson, eleven hundred and ten dollars and fifty cents, which cash ; also, twenty thousand pounds of sugar, shipped on board of the steamer George Madison, shipped to St. Louis, which I promise to sell to the best advantage, and account to the said Joseph Thompson for the net proceeds thereof."

(Signed,)          "NAT. SCALES."

The plaintiff demanded judgment for the sum of money mentioned in the receipt, and also two thousand dollars for

Eastern Dist.
*February*, 1838.

THOMPSON
*vs.*
SCALES.

the proceeds of the sugar, together with legal interest from judicial demand.

A curator *ad hoc*, was appointed to represent the defendant, who resides abroad. He pleaded a general denial, and prayed for general relief, and for judgment.

The attorney appointed to defend the absent defendant, pleaded prescription.

He further averred, that the plaintiff's demand was not just, as he well knew, because he and Robert Thompson were curators of Nat. Scales' estate, and he never presented this claim during all the time the estate was administering, but has long since demanded it from the heir. The defendant then sets up a claim in reconvention, which she prays may be allowed, and that the plaintiff's demand be rejected.

Upon these pleadings and issues, the case was tried before the court alone.

Some evidence was taken on interrogatories propounded to the plaintiff, touching the demand in reconvention, and parole evidence, to explain the nature of the plaintiff's demand.

The district judge was of opinion, that the money part of the receipt was in the nature of a loan, and barred by the prescription of three years.

In relation to the sugar, there was no period fixed when prescription should begin to run. It was the duty of the party claiming the benefit of prescription, to have shown a time, or fixed period, when it should commence: this not having been done, it cannot be allowed.

Judgment was rendered in favor of the plaintiff for one thousand two hundred and fifty dollars, the proceeds of the sugar, proved to be worth six and a quarter cents per pound, and the expenses of the voyage to be paid out of the money advanced. The defendant appealed.

*Edwards*, for the plaintiff, contended, that the judgment should be so amended as to allow the sum of one thousand one hundred and ten dollars, mentioned *as cash* in the receipt, in addition to the sugar, because prescription does not run

EASTERN DIST. against any part of the plaintiff's demand.  This ground is
February, 1838. assumed on the hypothesis that Scales was nothing more
THOMPSON   than the agent or mandator of Thompson, to sell the sugar
*vs.*      and purchase supplies, &c.  An agent does not possess for
SCALES.    himself, but for another, and cannot invoke prescription,
whatever may be the time elapsed.  *Civil Code of* 1808,
*page* 482, *ante* 45 and 484, *article* 40.  *Louisiana Code, articles*
3404, 3476.  9 *Louisiana Reports*, 231.

2. Personal actions, under the Louisiana Code, are not
prescribed until the lapse of twenty years, when the
defendant resides out of the state.  Nancy Scales, the
present defendant and heir of Nat. Scales, resides in North
Carolina, and always has resided out of the state.  *Louisiana
Code*, 3508.  4 *Louisiana Reports*, 216.

3. Prescription must be certain.  The party pleading it,
must make it so; it must have a certain and fixed period at
which to commence.  In this case, there is no time shown
when it should begin to run.  It could not run from the date
of the receipt, for there was then no cause of action, and
some time was necessary to elapse before the defendant was
under an obligation to account and pay up.  Nat. Scales
was employed to carry the produce and funds to St. Louis,
and there to make sales to the best advantage.  There was
no time limited for this, and he never offered to account or
make payment.

*Labauve*, for the defendant, argued, to show that the
receipt of Nat. Scales to Thompson cannot be considered
as evidence of a debt acknowledged, but on the contrary, as
proof of payment of a debt due him by Thompson.

2. The whole debt or claim arising on this receipt, if any,
in fact, ever existed, was barred by prescription at the institu-
tion of this action.  If the money *part* is to be considered as
evidence of a loan, it is prescribed in three years; and even
the expenses of the sugar could not be allowed, as the court
has done in its judgment.  The whole action is barred by
the lapse of ten years, under both Codes.  See the case of
*Goddard's Heirs* vs. *Urquhart*, 6 *Louisiana Reports*, 649.

*Martin, J.,* delivered the opinion of the court.

The plaintiff claims from the defendant, heir of Nat. Scales, jr., a sum of one thousand one hundred and ten dollars and fifty cents, and the proceeds of a parcel of sugar, which the latter undertook to sell for the plaintiff.

The defendant pleaded the general issue and prescription, and set up a claim in reconvention or compensation, for a sum of one thousand four hundred and forty-nine dollars and seventy-five cents, alleged to be received by the plaintiff for the deceased; and further, the price of a slave of the deceased, sold by the plaintiff. There was judgment for the plaintiff for the value of the sugar only, and the defendant appealed.

The plaintiff has prayed that the judgment be so amended as to allow him one thousand one hundred and ten dollars and fifty cents, the sum first claimed in the petition. The defendant's counsel has contended that the court erred in not sustaining his plea of prescription, and in failing to deduct from the value of the sugar, the expenses attending its shipment and sale.

It appears to us that the plea of prescription ought to have been allowed. The receipt bears date the 30th of March, 1820, and the service of process in this suit was made on the 23d of June, 1835, so that the suit was brought upwards of fifteen years and two months after the date of the receipt. The prescription is that of personal actions, which, until the promulgation of the Louisiana Code, in 1825, was ten years, whether the parties were absent or present. Admitting that the defendant's ancestor died before the promulgation of that code, the prescription is afterwards double, the defendant residing out of the state. Counting, therefore, about five years and five months, elapsed before the promulgation, four years and five months had still to run, the double of which is eight years and ten months, which, added to five years and five months, make fourteen years and three months; so that, assuming that eleven months and twenty-five days was a sufficient time for conveying the sugar to St. Louis, where it was to be sold, and bringing the proceeds to

The prescription of personal actions in this state, was ten years, before the promulgation of the Louisiana Code in 1825, whether the parties were absent or present.

When the law is changed while prescription is running, it will be computed, and its benefits allowed under both laws, according to the principles established in the case of Goddard's Heirs *vs.* Urquhart, 6 Louisiana Reports, 659.

EASTERN DIST. Louisiana, the plaintiff suffered upwards of fourteen years *February*, 1838. and three months to elapse, between the time when he might have instituted the suit, and the service of process. The prescription was therefore acquired.

THOMPSON
*vs.*
SCALES.

The receipt, which is the basis of this action, is in the following words :

"Received this 30th day of March, 1820, of Joseph Thompson, eleven hundred and ten dollars, and fifty cents, *which cash; also,* twenty thousand pounds of sugar, shipped on board of the steamer George Madison, shipped to St. Louis, which I promise to sell to the best advantage, and account to the said Joseph Thompson for the net proceeds thereof."

           (Signed,)          "NAT. SCALES."

A receipt for a sum of money, coupled with a quantity of sugar, which the bailee promises to ship to a certain place, "sell to the best advantage, and account to the bailor for the net proceeds;" the money will not be considered as a deposit, a loan, or payment of an antecedent debt, but employed and laid out for the benefit of the bailor, and its proceeds to be accounted for by the bailee.

The difficulty consists in ascertaining the character of the bailment of the money mentioned in this receipt. The plaintiff considers it as a deposit ; the defendant as a payment of an antecedent debt. The district judge has considered it as a loan ; hence he has concluded that the plaintiff's claim thereon, is barred by the lapse of three years. We do not concur with the defendant's counsel, in considering the bailment as the *payment* of an antecedent debt, nor with the plaintiff, in considering it as a *deposit;* for the receipt connects the cash with the sugar, as it uses the words, *which cash, also.* The cash and sugar appears to us an object of *account.* The cash was, in our opinion, not to be *kept* by the defendant, either for himself as a payment, or for the plaintiff as a deposit ; probably it was to be employed for the benefit of the plaintiff, on the trip to St. Louis, and accounted for on his return with the proceeds of the sugar. The plaintiff contends, that the defendant cannot avail himself of the pleas of prescription, as the code of 1808, under which he received the bailment, provides, that " those who possess for others and not in their own name, cannot prescribe, whatever may be the time of said possession. Thus, farmers, tenants, depositaries, usufructuaries, and all those

generally who hold by a precarious tenure, and in the name of the proprietor, cannot prescribe on the thing thus sold." Code of 1808, page 484, article 45. See Louisiana Code, 3404.

The receipt, in our opinion, is not evidence of a deposit. If a man, going on a voyage, delivers property to his friend, and takes his receipt, he may offer it as the evidence of a deposit; it is otherwise, if the friend deliver property to the man going on a voyage. For the contract of deposit is essentially intended for the *safety* of the thing deposited, which is less safe in the hands of the man who goes on the voyage, than in that of him who remains at home.

Neither the cash nor the sugar were intended to remain in the possession of the bailee, further than it might be necessary for the profitable disposal of them. It must be presumed, as it appears the intention of the parties was, that they were to be disposed of shortly after the arrival of the defendant's ancestor at St. Louis; and as soon as this was effected, the obligation of the latter to account for the proceeds, arose. This obligation was one which the plaintiff might have enforced, on the return of the defendant's ancestor; or as soon, if he did not return, as a reasonable time for his doing so had elapsed; and from that time, prescription began to run.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such a judgment as in our opinion ought to have been rendered below, it is ordered, adjudged, and decreed, that there be judgment for the defendant, with costs in both courts.