### James W. Whitworth *v.* William Ferguson.

When the law is changed after prescription begins, the time elapsed before the change is to be com-
puted according to the old law, and that which follows according to the new.

In the absence of any proof of the *lex loci contractus*, the provisions of the Code of Louisiana must
govern.

Tender of payment by defendant debars him from pleading prescription. A tender is an admission
of the debt.

APPEAL from the District Court, Parish of St. Mary, *Simon*, J.
Jules J. Olivier and J. W. Walker, for appellants.    A. L. Tucker, for
appellee.

The facts are stated in the opinion of the Court.

Taliaferro, J.    The plaintiff seeks to enforce a judgment rendered
against the defendant and Scarborough Pentecost, in solido, on the 6th
day of September, 1846, in the Circuit Court of Posey County, in the
State of Indiana, in favor of Richard D. Wood, John Yarrow, Horatio
C. Wood, James Abbott and Josiah Bacon, commercial partners, trading
under the firm and style of Wood & Abbott, for the sum of $4,898 96,
bearing six per cent. interest per annum, from the date of the judgment,
subject to a credit of $1,587 50, to take effect on the 8th of June, 1847.
He avers that he is the legal owner and transferree of said judgment.
The suit was filed in the District Court of the Parish of St. Mary, on the
12th of August, 1859, and citation was served upon the defendant on the
26th day of the same month and year.

The defendant opposed the plea of prescription in an exception, and
afterwards, answering to the merits, denied all and singular the allega-
tions contained in the plaintiff's petition, and avers that, if the plaintiff
be the owner of the judgment sued upon, he can only recover the sum of
one hundred dollars, that being the amount paid by him for the pretend-
ed claim sued upon; avers plaintiff to be the purchaser in this case of a
litigious right, a species of traffic reprobated by our laws.

Judgment was rendered in the District Court in favor of the plaintiff,
and defendant appeals.

The plea of prescription is clearly not tenable. Judgments, by the former law of this State, were prescribed against only by the term of thirty years. This period was reduced to ten years by the Act of the Legislature of the 30th of April, 1853. To this case both terms are applicable, according to the rule uniformly held by this Court, that, "when the law is changed after prescription begins, the time elapsed before the change is to be computed according to the old law, and that which follows according to the new." Tested by this rule, we find that the judgment in this case would not have been prescribed until the 20th of February, 1861.

It is contended in argument, that, at the time the transfer of this judgment was made, the partnership, in whose favor the obligation upon which the judgment is founded, was dissolved by the decease of one of the partners, and that the surviving partners were without authority or right to transfer the assets of the partnership; and, in the absence of any showing of the lex loci contractus, that the provisions of our Code must govern.

If is urged, on the part of the plaintiff, that the defendant's tender of payment debars him from the use of this plea, as the tender is an admission of the debt and of the validity of the transfer; and he refers to 2 Greenleaf on Evidence, section 600, and to 2 Starkie on Evidence, section 788.

We think the authorities are conclusive on the point.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both Courts.