## No. 10,084.

### THE STATE OF LOUISIANA vs. CHRISTOVAL JOSEPH.

An appeal in a criminal case will not be dismissed where the transcript is filed within three days after the return day.

To admit proof of a cause or causes suspending prescription pleaded in bar of the prosecution, such cause or causes must be averred in the indictment.

Where a party is prosecuted under an indictment for murder and convicted of manslaughter and the judgment is arrested because on the face of the indictment a prosecution for manslaughter is barred by prescription, the case cannot be remanded to enable the prosecuting officer to amend the indictment by averring facts showing a suspension of prescription.

And where it appears that the accused is protected by prescription from prosecution under a new indictment for manslaughter, the prosecution must terminate and the accused be discharged.

When a party has been indicted for murder and convicted of manslaughter, he stands acquitted of murder and can never be tried again for that offense.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Estilette*, J.

*M. J. Cunningham*, Attorney General, and *John M. Ogden*, District Attorney, for the State, Appellant.

1. An appeal in a criminal case filed within three judicial days after the expiration of the ten days allowed by law, will not be dismissed. State vs. Francis, 38 Ann. 464.

2. When a conviction of manslaughter is had upon an indictment for murder and judgment

is arrested on the ground that on the face of the indictment the offense is prescribed, the case should be remanded without prejudice to the rights of the State to a legal prosecution, if it is shown that an erroneous allegation had been made in the indictment which affected the question of prescription. 36 Ann. 978.

*E. P. Veazie* and *F. F. Perrodin*, for Defendant and Appellee.

### MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. This appeal is taken by the State from a judgment sustaining a motion in arrest of judgment in a prosecution of the defendant for murder, resulting in his conviction of manslaughter.

There is a motion to dismiss the appeal on the ground that the transcript of appeal was not filed in ten days after the order of appeal was granted.

The appeal was granted on the 17th of November, 1887. The transcript was filed on the 30th, same month. The ten days expired on the 27th of November and the filing of the transcript was within three days thereafter, which was in time. State vs. Corcoran, 38 Ann. 950, State vs. Butler, 38 Ann. 392. State vs. Hampton, 33 Ann. 1252.

The motion to dismiss is therefore refused.

### ON THE MERITS.

As stated above, the accused was tried on an indictment for murder and convicted of manslaughter. After the verdict of the jury was rendered, he filed a motion in arrest of judgment upon the ground substantially:

That his prosecution for and conviction of manslaughter was barred by the prescription of one year—more than one year having elapsed from the date of the commission of the offense as charged in the bill and the filing of the indictment.

The district attorney thereupon offered to traverse the motion in arrest and show that the death did not occur at the date charged in the indictment but subsequently thereto and at a date less than one year prior to the finding of the indictment—and, also:

That there had been no legal session of a grand jury between the death of the person charged to have been murdered and the finding of the indictment.

The trial judge rejected this traverse and sustained the motion in arrest and discharged the accused; from which the State has appealed.

The ruling of the judge was undoubtedly correct.

Apart from the effect—which the traverse involved—to contradict

an important averment in the indictment as to the time when the offense was committed—the causes relied on or asserted by the State to suspend the prescription pleaded were not alleged in the indictment, and to authorize such proof at any stage of the prosecution, it was essential that the proper averments with reference thereto should have been made in the bill.

In a similar case to the one before us, where a party had been tried for murder and convicted of manslaughter and the judgment had been arrested on a plea of prescription—the case of the State vs. Victor, 38 Ann. 978—this Court used the following language:

"To admit proof on the trial touching the existence of the facts necessary to a suspension of prescription it is essential that these facts should be averred in the indictment. (Citing State vs. Bilbo, 19 Ann. 76; State vs. Pierce, Ib. 90; State vs. Bryam, Ib. 435.) And this is necessary where the indictment charges murder only and the jury convict of manslaughter. (Citing State vs. Foster, 7 Ann. 255; State vs. Freeman, 17 Ann. 69; State vs. Morrison, 31 Ann. 211.) It is clear that such testimony was not admissible at that stage of the proceedings, or in fact at any stage of the proceedings, in the absence of the required averments in the indictment; but it was particularly objectionable on the trial of a motion in arrest, for the reason that such motion rests and must be determined on the face of the record, and also for the more vital reason that the motion presented questions of fact, which could be passed on alone by the jury."

In the case from which we quote, while sustaining the motion in arrest of judgment, the Court did not, by the terms of the decree, put an end to the prosecution, but the judgment was arrested without prejudice to the State to further prosecute for the crime of manslaughter; and it is urged that in the instant case a like reservation should be made in the event we sustained the decree arresting the judgment, as we have done.

We cannot do this. It is to be noted that in the case of State vs. Victor referred to, and in the cases cited in our opinion sustaining our ruling therein upon the point under consideration, the cause of the suspension of prescription was not that urged in the instant case, but was the absconding or fleeing of the accused from justice, which prevented the running of prescription up to the very time of the filing of the indictment, so that another prosecution for manslaughter in that case would have been seasonable and uneffected by the question of prescription.

In the instant case, however, it is virtually admitted by the counsel

for the State that a prosecution of the accused under another indictment for manslaughter would be futile, for he asserts that a new indictment for manslaughter would be prescribed on its very face, and could only legally have been filed before the 2d of November, 1887.

In view of the futility of a further prosecution for manslaughter under another indictment, the counsel urges that the case be remanded in order that he may amend the present indictment and try the accused under it as amended.

This cannot be done. The law contemplates and requires that amendments to an indictment must be made during the progress of the trial and before the case is submitted to the jury. This is especially manifest where the amendment consists, as in the instant case, of the averment of facts to be necessarily passed upon by the jury in making up their verdict.

After a judgment has been arrested, and arrested for an omision in the indictment of averments essential to the conviction of the accused' and where the prosecuting officer has failed even to ask leave to amend though the necessity for such amendment was disclosed to him during the trial, there is no authority for remanding the case that these omissions might be supplied and the party again tried under an indictment thus perfected, for the omission of which, in essential particulars, the judgment had been arrested and the conviction quashed.

Such a proceeding or disposition of the case would contravene the fundamental principals of the criminal law.

Judgment affirmed.