## No. 12,082.

### STATE OF LOUISIANA VS. MILES BELL.

Act 50 of 1894, amending Revised Statutes, Sec. 968, declares that prescription shall not apply to any conviction of a lesser crime or offence under an indictment for wilful murder, arson, robbery, forgery or counterfeiting; but, on the contrary, said prescription or exception shall not be pleadable against such an offence.

It was the evident intention of the Legislature that this statute should go into operation and have effect at once, and that thereafter such exception should not be pleadable at all.

A PPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

M. J. *Cunningham*, Attorney General, and A. J. *Murff* for Plaintiff, Appellee.

R. D. *Webb* and J. A. W. *Lowry* for Defendant, Appellant.

Submitted on briefs March 14, 1896.
Opinion handed down March 23, 1896.

State vs. Bell.

The opinion of the court was delivered by

WATKINS, J. On the 20th of July, 1892, the defendant was indicted for the murder of John Heffner, on the 24th of August, 1887.

On the 30th of January, 1896, he appeared, assisted by counsel, and was duly arraigned, and plead not guilty; and thereupon the cause was fixed for trial on the 3d of February, 1896.

On the day fixed for trial the defendant again appeared, assisted by counsel, and formally entered the plea of guilty of manslaughter, and he was thereupon sentenced to pay a fine of one dollar and costs, and to be incarcerated in the State penitentiary at hard labor for a period of ten years.

On the 6th of February, 1896, counsel for defendant filed a motion in arrest of judgment, on the ground that the bill of indictment shows on its face that the crime of manslaughter was prescribed when same was found, and he also, and as part of his motion, avers and pleads this "prescription in bar of the execution of judgment."

Two days later counsel for defendant filed a plea of prescription of one year as to the crime of manslaughter, and on the same date both pleas were tried, overruled, and judgment signed.

From the foregoing proceedings and judgment the present appeal was taken, and is prosecuted.

There was no bill of exception taken, and consequently no reasons of the trial judge for his ruling and refusal to sustain the defendant's pleas at bar appear in the record.

We have, therefore, a simple question of law for decision.

Counsel cite and rely upon the decisions of this court in State vs. Cobb, 7 An. 107, and State vs. Joseph, 40 An. 5, as sustaining, while the State relies upon Act No. 50 of 1894, as defeating defendant's plea.

The two decisions cited, and others of same import, are to the effect "that the accused not having been indicted within twelve months after the offence was committed, he could not be legally convicted of manslaughter;" but the Legislature in amending Revised Statutes, Sec. 986, declared that " prescription should not apply to any conviction of a lesser crime or offence, under an indictment for wilful murder, arson, robbery, forgery or counterfeiting; but on the contrary said prescription, or exemption, shall not be pleadable against such an offence." Act 50 of 1894.

It is not only a familiar canon of construction in the civil practice,

that prescription acts upon the remedy *inter medias res*, and takes effect at any stage of proceedings wherein the local statute is changed; but the special charge and direction of the foregoing amendment is, that prescription in the cases enumerated " shall not be pleadable against such an offence."

Our duty is, to give effect to the statute.

Judgment affirmed.