————o————

No. 6982.

## J. E. McADAMS v. SOUTHERN EXPRESS CO.

### Syllabus.

1. When the law is changed after prescription begins to run, the time elapsed before the change is to be com-

276

puted according to the old law, and that which follows according to the new. That is to say the unexpired portion of the prescription must be lengthened or shortened in the same ratio that the new period of prescription bears to the old.

2. This doctrine of proportionate prescription is not open to constitutional objection, on the ground that it summarily cuts off a right of action, or leaves room for an arbitrary estimate of reasonable time on the part of the Court.

3. Under Act 223 of 1914, fixing a prescription for actions for the recovery of erroneous freight charges, any charge which is not the proper charge is an erroneous charge, no matter how paid or exacted.

Appeal from the Civil District Court, Parish of Orleans, No. 117,012, Division "E"; Honorable George H. Théard, Judge. Affirmed.

E. Bentley & E. Howard McCaleb, for plaintiff and appellant.

Denegre, Leovy & Chaffe, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an action to recover alleged over charges on express matter, paid by plaintiff to defendant under an alleged duress.

Plaintiff alleges that defendant **knew** that said charges were excessive, and yet persisted in exacting them; but that the nature of his (plaintiff's) business was such that he had either to submit to said overcharges or cease doing business. This constituted the alleged duress, and for the purposes of this case we may admit it to be so.

To the petition defendant pleaded prescription.

It is admitted that if Act 223 of 1914 has any application whatever to this case, and if the doctrine of **"proportionate"** prescription is sound in law, and not objectionable on constitutional grounds, then the plea of prescription is well founded, otherwise not.

## I.

Act 223 of 1914 declares that all actions by or against common carriers for the collection or recovery of **erroneous** freight charges shall be prescribed in two years.

It is contended by plaintiff that there is no question here of any "erroneous" freight charge, since both plaintiff and defendant (so it is claimed) knew that the charge was not the proper charge. That neither party was laboring under any error, and there was therefore nothing erroneous.

We think the construction a forced one.

Any charge which is not the proper charge, is an **erroneous** charge. Error is simply the opposite of truth, whether persisted in wilfully or through ignorance. Hence any charge, which is not the right charge, is an erroneous charge, however it might have been paid or collected.

The Legislature clearly meant to limit the time in which excessive charges might be recovered irrespective of the circumstances under which such charges had been paid. Had it meant differently it would doubtless have said so.

## II.

Prior to the act of 1914, the prescription applicable to actions of this nature may be conceded to have been that of ten years. At the time the act of 1914 became effective, about two years had elapsed since plaintiff's cause

278

of action had accrued. On the other hand two full years had not elapsed between the passage of the act and the bringing of this action. So that this action is not prescribed under the sole provisions of either prescription.

But if "proportionate" prescription be applied, then the action was prescribed when it was brought because one-fifth of the term of prescription had accrued before the passage of the act of 1914, and this action was brought more than four-fifths of two years after the passage of that act. Added together this makes one-fourth of a prescriptive term accrued before the act of 1914 and four-fifths of a prescriptive term accrued after the act of 1914; making five-fifths altogether.

For proportionate prescription may be thus stated:

"When the law is changed after prescription begins to run the time elapsed before the change is to be computed according to the old law, and that which follows according to the new."

Louque's Digest, p. 580, Sec. VIII, No. 2. Citing 6 La., 66; 11 La., 57; 10 An., 583; 21 An., 111; 18 An., 602.

And the application of that rule is thus illustrated:

"Under the revenue act of 1865 the privilege for taxes was continued for two years from the first Monday of July in the year for which the tax was assessed; under the revenue act of 1868, to take effect January 1st, 1869, the lien was extended for five years; in computing the time required for prescription the time yet unexpired on January 1st, 1869, must be increased in the same ratio."

Dunlop v. Minor, 26 An., 117.

279

### III.

It is urged by plaintiff that the doctrine of proportionate prescription was overruled in *Barrow v. Wilson*, 39 *An.*, 407. But we do not find it so. That case simply holds that a statute of prescription passed after a cause of action has arisen, begins to run as to all prior causes of action, only from the time when the statute was passed. But it is clear that the Court was there dealing with a case where no prescription whatever had as yet begun to run.

### IV.

It is further urged that the Supreme Court of the United States in *Sohn v. Watterson*, 17 Wall., 596, has held that the doctrine of proportionate prescription was unconstitutional.

We do not read the case that way. The Court there held that a statute which summarily cut off a right of action would be unconstitutional; hence a statute providing a prescription, **where** none existed before, must be construed so that the prescriptive period begins to run only from the passage of the act.

But this has nothing to do with a case where a prescriptive period exists, which is lengthened or shortened by a subsequent act. And we find nothing inconsistent between this doctrine and the doctrine of proportionate prescription. For under the latter doctrine the time yet to run is capable of exact computation, and may therefore be said to have been fixed by the Legislature, thereby meeting the objection stated by the Court, as to an alleged reasonable time arbitrarily "estimated by the Court."

The judgment appealed from is therefore affirmed.

Opinion and decree, April 2nd, 1917.

280

Rehearing refused, April 30th, 1917.

Writ denied, June 13th, 1917.