(113 So. 366)

No. 28622.

STATE v. BROSSETTE et al.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬦147—Conviction of manslaughter on murder indictment found more than year after knowledge by public officer with power to prosecute held prescribed (Rev. St. § 986, as amended by Act No. 73 of 1898, and Act No. 67 of 1926).**

Where Act No. 67 of 1926, limiting prosecution with certain exceptions to one year after offense is known to officer having power to direct public prosecution, amending and re-enacting Rev. St. § 986, previously amended by Act No. 73 of 1898, was promulgated before indictment for murder on which defendant was convicted for manslaughter, prosecution was prescribed by lapse of more than one year between date when offense was made known to public officer having power to direct prosecution and return of indictment.

2. **Statutes ⬦264 — Remedial statutes and those governing procedure apply to actions subsequent to their promulgation.**

Remedial statutes and statutes governing procedure apply to all actions brought subsequent to their promulgation.

3. **Criminal law ⬦146—Prescription takes effect in any stage of proceedings wherein local statute is changed.**

Prescription acts on remedy inter medias res and takes effect at any stage of proceedings wherein local statute is changed.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Wilfred Brossette and another were charged with murder, a severance was granted, defendant named was convicted of manslaughter, with a recommendation for mercy, and the State appeals from a decision sustaining a motion in arrest of judgment. Affirmed.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

Woodville & Woodville and Henry Edward Fallon, all of New Orleans, for appellee.

BRUNOT, J. The accused were charged with murder. The crime is alleged to have been committed on September 6, 1925, and the indictment was returned into court and filed on October 20, 1926. Wilfred Brossette, one of the defendants, was arraigned January 4, 1927, and the case was not then assigned. Later, a severance was granted, an assignment was made, and on March 17, 1927, Wilfred Brossette was tried and the following verdict was rendered:

"Guilty of manslaughter, with recommendation for mercy."

A motion for a new trial was heard and overruled, and a motion in arrest of judgment was sustained. From this ruling the state appealed.

The motion in arrest of judgment is based upon the plea of prescription. The appellee contends that the crime was committed in the month of September, 1925, the indictment was returned in the month of October, 1926, and, as the trial resulted in a conviction for the crime of manslaughter, the prosecution for that offense must be begun by information or indictment within one year from the date of its commission, or within one year from the date it is made known to an officer of the state authorized by law to institute the prosecution.

[1] Prior to the passage of Act 73 of 1898, it was the fixed jurisprudence of the state that, if a person was indicted for murder and was convicted of manslaughter, and it appeared that the indictment was returned into court more than a year after the crime was committed, or more than a year after its commission was made known to an officer authorized to institute the prosecution, and the indictment itself did not negative the running of prescription, the prosecution of the crime was prescribed. In 1898 the Legislature passed Act No. 73, which is, in part, as follows:

"Nor shall the prescription and exemption hereinbefore provided apply to any conviction of a lesser crime or offense, under an indictment for willful murder, robbery, forgery or counterfeiting, but on the contrary, said prescription or exemption shall not be pleaded against such offense."

The foregoing act amended section 986 of the Revised Statutes, and this section, as thus amended, was in force until Act 67 of 1926 was adopted. The title and the pertinent part of the text of Act 67 of 1926 follow:

"To amend and re-enact section 986 of the Revised Statutes of Louisiana of the year 1870, as amended and re-enacted by Act No. 50 of 1894 and Act No. 73 of 1898, relative to the prescription of criminal offenses.

"Section 1. Be it enacted by the Legislature of Louisiana, that section 986 of the Revised Statutes of Louisiana of the year 1870, as amended and re-enacted by Act No. 50 of 1894 and Act No. 73 of 1898, be and the same is hereby amended and re-enacted so as to read as follows:

"Sec. 986. No person shall be prosecuted, tried or punished for any offense, willful murder, arson, rape, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one (1) year next after the offense shall have been made known to a public officer having the power to direct a public prosecution."

Act 67 of 1926 is now section 986 of the Revised Statutes, and, as this act was promulgated in July, 1926, some months before the defendant, appellee, was indicted, and, inasmuch as the crime of which appellee was convicted is not embraced in the exceptions mentioned in the statute, and more than one year elapsed between the date the crime was made known to a public officer having the power to direct the prosecution and the return of the indictment, the prosecution is prescribed.

Under the provisions of Act 67 of 1926 the law is practically the same as it was prior to the passage of Act No. 73 of 1898.

In the case of State v. Morrison, 31 La. Ann. 211, this court said:

"It has long been settled that, when a prisoner is indicted for murder, and is convicted of manslaughter, the conviction is illegal if the indictment was not found within a year from the commission of the crime. State v. Cobbs, 7 La. Ann. 107."

We also cite State v. Foster, 7 La. Ann. 255; State v. Freeman, 17 La. Ann. 69; State v. Victor, 36 La. Ann. 978; State v. Joseph, 40 La. Ann. 5, 3 So. 405.

In the case of State v. Dabon, a juvenile, charged with murder, recently decided by this court, and reported in 162 La. 1075, 111 So. 461, we said:

"There can be no doubt that the verdict 'guilty of manslaughter' was equivalent to a verdict of not guilty of the offense charged in the indictment."

In so far as the foregoing excerpt from the opinion in the Dabon Case is concerned, the court was in accord. In other respects, however, there were two dissenting judges, who differentiated the case of State v. Bridges, 149 La. 844, 90 So. 217, from the cases of State v. Howard, 126 La. 353, 52 So. 539, Id., 127 La. 435, 53 So. 677, and State v. Hardy, 142 La. 1061, 78 So. 116. and found it necessary, in the absence of such a situation as the Bridges Case presented, to adhere to the ruling in the Howard and Hardy Cases, viz. that the district courts alone were vested with jurisdiction to try juveniles who were charged with capital offenses. The cases to which we have just referred have no application to questions of prescription, and are only commented upon because counsel for appellee has seen fit to cite the Dabon Case.

[2, 3] Remedial statutes and statutes governing procedure have application to all actions brought subsequent to their promulgation. In this case the indictment was returned subsequent to the promulgation of Act No. 67 of 1926, and more than one year after the offense was made known to a public officer authorized to institute the prosecu-

tion. In the case of State v. Bell, 48 La. Ann. 735, 19 So. 671, it was held to be a familiar canon of construction:

"That prescription acts upon the remedy inter medias res, and takes effect at any stage of proceedings wherein the local statute is changed. * * *"

We think the rule just stated is so well established that further citation of authority is unnecessary. The learned trial judge gave effect to Act No. 67 of 1926. The ruling is correct, and it is therefore affirmed.