No. 2954

Second Circuit

MUSICK

v.

THE CENTRAL CARBON CO., INC.

(December 21, 1927. Opinion and Decree.)
(February 3, 1928. Rehearing Refused.)
(May 7, 1928. Affirmed by Supreme Court on Writ of Certiorari and Review.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Master and Servan
—Par. 154.

The additional compensation provided for by Par. 8 of Section 8 of the Workmen's Compensation Act No. 20 of 1914 as amended by Act No. 43 of of 1922 being punitory does not vest a right thereto in the employee until reduced to judgment. Therefore, Act No. 85 of 1926 reducing the amount of additional compensation from twice to one and one-half times the normal compensation has the effect of making Act No. 85 of 1926 alone effective in cases in which judgment was rendered after it became law.

2. Louisiana Digest—Master and Servant
—Par. 160 g.

Under Act No. 85 of 1926 amending the Workmen's Compensation Act No. 20 of 1914 granting a new term of prescription, the method of computing the prescription beginning under the old law is as follows: the time which elapsed under the former law will be counted in the ratio which it bears to the whole period, and the time of new law will be computed on the basis the ratio that the unexpired term of the law bears to the whole time.

3. Louisiana Digest—Master and Servant
—Par. 154.

Section 17 of the Workmen's Compensation Act No. 20 of 1914 as amended by Act No. 38 of 1918 provides that the interested parties which have the right to settle all matters of compensation between themselves with the approval of the court which implies that they have the same liberty of compromise with relation of compensation with the approval of the court as they would have as to other rights or liabilities.

4. Louisiana Digest—Master and Servant
Par. 154.

A judgment by a court on a compromise agreement granting more than eight per cent. discount is under the provisions of Section 17 and Section 8, Subsection 8, of the Workmen's Compensation Act No. 20 of 1914, as amended, a judgment by a court which has jurisdiction rationae materiae and is therefore res judicata.

Appeal from the Fourth Judicial District Court, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Mrs. Dora Cooper Musick, individually and as natural tutrix, against The Central Carbon Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed sustaining plea of res adjudicata.

Matthew C. Redmond, of Monroe, attorney for plaintiff, appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellee.

WEBB, J. P. Harvey Musick, while employed by the Central Carbon Company, Inc., on the 28th day of December, 1923, received injuries arising in the course of his employment which disabled him and which required his being sent to a sanitarium in Monroe, Louisiana, where he remained for about two weeks, following which he returned home where he was under the care of physicians who dressed

his wounds several times each week, and on or about February 1, 1924, the injured employee contracted pneumonia and was taken to the sanitarium, where he died on February 5, 1924.

On April 14, 1924, the Central Carbon Company, Inc., and Mrs. Dora Musick, widow of P. Harvey Musick, appearing individually and on behalf of her minor children, of whom there were five, presented a petition to the District Court having jurisdiction, in which they alleged the facts above stated, and further, that at the time of the injury the employee was earning sufficient wages to entitle him to the maximum compensation of eighteen dollars per week, and that the Central Carbon Company, Inc., had paid the sum of two hundred and fifty dollars medical and hospital fees and the sum of two hundred and thirty-four dollars compensation for the time the employee was disabled, and that the Central Carbon Company, Inc., denied that the injury received by the employee was the cause of the pneumonia contracted by the employee, or the cause of the employee's death, and further alleged that the parties had, under the provisions of the Employers' Liability Statute (Section 17) agreed to settle the matter of compensation, by the employer paying the further sum of three thousand dollars in settlement and compromise of the claim; and they prayed that the court authorize the settlement, and in accordance therewith the court rendered a decree approving the compromise and authorizing the payment of the amount agreed upon to be made.

On February 17, 1927, Mrs. Dora Cooper Musick, widow of P. Harvey Musick, appearing individually and on behalf of her minor children, filed the present suit in which she sets up the proceedings formerly had, as above, and she further alleges that P. Harvey Musick, her husband and father of the minors, was injured while in the scope of his employment and came to his death on or about the 5th day of February, and that at the time of the injury he was receiving sufficient wages to entitle him to receive compensation at the rate of eighteen dollars per week and that payment had been made at such rate for a period of thirteen weeks until the death of P. Harvey Musick, and that on the death of P. Harvey Musick defendant was liable to petitioner, individually and as tutrix, in the sum of eighteen dollars per week for a period of two hundred and seventy-seven weeks, or five thousand one hundred and sixty-six dollars, and that the settlement, had under the former proceedings in which she received three thousand dollars, was contrary to the law in effect at that time, for the reason that the discount was at a greater rate than eight per cent per annum as provided by Section 8, Paragraph 8 of the amendment in force at that time (Act No. 4 of 1922) and that the petitioner is entitled under the provisions of the statute to recover double the amount due, or ten thousand three hundred and thirty-two dollars, subject to a credit of three thousand dollars, with legal interest from demand.

The defendant excepted, pleading that the petition failed to state a right or cause of action, and further pleaded prescription of two years under the amendment of 1926; and the cause being submitted on the pleadings, the exceptions were sustained and judgment rendered dismissing the suit at plaintiff's cost, from which she appeals.

## OPINION

The plaintiff bases her right of action under Paragraph 8 of Section 8 of the

amendments amended by Act No. 43 of 1922, which reads as follows:

"The amount payable as compensation may be commuted to a lump sum settlement at any time by agreement of the parties if approved by the court as solely and clearly in the interest of the employee or his dependents; provided that in making such lump sum settlement, the payments due to the employee, or his dependent, under this act, shall not be discounted at a rate greater than eight per centum per annum. If such lump sum settlement be made without the approval of the court, or at a discount greater than eight per centum per annum, even if approved by the court, the employer shall be liable for compensation at twice the rates fixed in this act, and the employee or his dependent shall, at all times within five years after the date of the payment of the lump sum settlement, and notwithstanding any other provisions of this act, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate twice the compensation which would have been due under this act, but for such lump sum settlement. But upon the payment of a lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than eight per centum per annum and with the approval of the court, the liability under this act of the employer making such payment shall be fully satisfied, provided, that for injuries scheduled in paragraph 1(d) and 2 of this section, no shorter term than herein set forth shall have been agreed upon."

And Paragraph 2 referred to above, in so far as applicable, reads as follows:

"That for injury causing death within one, year after the accident weekly compensation shall be paid under this act, for a period of three hundred weeks to the following persons:

* * * *

"(c) If widow * * * and two or more children, then to such widow * * * and children for their joint benefit, sixty per centum of wages."

The proceedings referred to, as stated above, purport to have been initiated under Section 17 of the statute (as amended by Act No. 38 of 1918) which reads as follows:

"That the interested parties shall have the right to settle all matters of compensation between themselves. But all agreements of settlement shall be reduced to writing and shall be substantially in accord with the various provisions of this act, and shall be approved by the court. The agreement between the employer and employee or his dependent shall be presented to the court upon joint petition of employer and employee or his dependent, which petition must be verified by both parties. The settlement so approved shall be immediately entered as the judgment of the court, and such judgment shall have the same force and effect and may be satisfied as other judgments of the same court."

The exception of no cause of action is based upon the theory that the judgment or decree rendered in the proceedings had was *res adjudicata*, and that the plaintiff could not, as she has attempted to do, go behind the judgment, or, if she could, that the allegations are insufficient to show a cause of action, and, further, if the decree was not binding on the plaintiff, that Paragraph 8, Section 8, provided for a penalty and had been repealed without saving to the plaintiff the right of action given, and that any right of action which plaintiff may have had ceased to exist, and also, if the law had not been repealed, that the period of limitation or prescription had been changed to two years, and that plaintiff's right of action had prescribed.

We consider these contentions in the following order.

First: That the provisions of Paragraph 8, Section 8, provides for a penalty, and had been repealed without saving to plaintiff the right of action given, and that

any right of action she may have had to demand the penalty had ceased to exist.

Second: That the right of action had prescribed, or become barred by limitation.

Third: That the judgment rendered in the proceedings formerly had was *res adjudicata*, and that the plaintiff was bound by the decree, and if not, her allegations were insufficient to state a cause of action.

(1-2) Paragraph 8, Section 8, was amended and re-enacted by Acts No. 216 of 1924 and No. 85 of 1926, the latter amendment providing for a period of prescription of two years and also that the amount of recovery should be together with the amount already paid one and one-half times the amount of compensation which would have been due, and in the cause of Ike Taylor vs. Locke Moore & Co., Ltd., No. 28,580 on the docket of the Supreme Court, it was said as to the nature and the provision, and effect of the amendment of 1926:

"The additional compensation provided for in the statute * * * being manifestly punitory in character created no vested right thereto in the employee, unless and until reduced to judgment.
"This we take to be a well settled rule of law.
"And where before such claim for penalty is reduced to final judgment the statute allowing such penalty is repealed the right of action to recover it is lost."
  *    *    *    *
"It so happens in this case, however, that the penalty imposed by the statute * * * was not entirely abrogated by the statute of 1926 but was only reduced to one-half over and above the compensation which was legally due but for the lump sum agreement."

We are therefore of the opinion that the ruling quoted disposes of the contention of defendant that the clause providing for the penalty was repealed by Act No. 85 of 1926, and conceding that, the clause was not repealed and the period of prescription was merely changed, and that only about one year of the prescriptive period of five years provided by the statute had expired at the time of the amendment, and that the action was brought within a period of something more than one half of a year after the amendment, we find that the right of action, if any existed, had not prescribed. The rule being that upon the substitution of a new term of prescription, the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed on the basis the ratio that the unexpired term of the old law bears to the whole time. Thus, if under the old law one-third of the time had expired, then two-thirds of the time of the new law would be allowed within which to sue. (See U. C. Mfg. Co. vs. Lobdell, 7 Mar. (N. S.) 108; Reeves vs. Adams, 5 La. 288; Goddard's Heirs vs. Urquhart, 6 La. 659; Xanpi vs. Orso, 11 La. 57; Thompson vs. Scales, 11 La. 560; Whitworth vs. Ferguson, 18 La. Ann. 602; Fisk vs. Bergerot, 21 La. Ann. 111.)

(3) The pleadings show that the employee, husband and father of the plaintiffs, was injured while employed by the defendant, in an accident arising in the scope of his employment, and that the accident was of such nature as to at least temporarily totally disable him, and that he was at the time earning sufficient wages to entitle him to receive the maximum weekly compensation, or eighteen dollars per week, and that the defendant paid the employee or his dependents, full compensation for the period following the accident to the date of his death, and in

the joint petition filed by the employer and dependents, it is alleged that the defendant denied liability for the employee's death or that the injury was the cause of his death or of the disease (pneumonia contracted by the employee) with which he suffered at the time of his death.

As previously stated, the parties in the petition presented to the court alleged that they proceeded with reference to the provisions of the statute (Section 17) although they allege that their agreement was based upon a compromise, and the judgment rendered appears to have been rendered on the agreement.

The plaintiff apparently contends that Section 17 of the statute, when considered with relation to other provisions, and especially with Paragraph 8, Section 8, does not authorize a compromise agreement and judgment thereunder, and that the decree was not binding upon her and the payment made under the decree was not only an admission of liability for compensation under the statute at the rate of eighteen dollars per week for three hundred weeks, but was also proof of a lump sum settlement at a discount of more than eight per cent per annum.

Plaintiff has not attempted to illustrate in argument or by the citation of authorities the conclusions resulting from his contentions as to the effect of the payment by the defendant. However, the fundamental basis of the contention appears to be that the court was without jurisdiction *rationae materiae*, and if such was not the case, it is unnecessary to consider the effect of the payment as an admission or as having been made in violation of law.

The purpose of the statute is to provide compensation for employees who are disabled by accident arising in the the course of and out of their employment, and to their dependents where death results from the accident. The administration of the statute in the last analysis is left to the courts and as one of the questions necessarily to be determined in all cases where liability is denied relates to the question of the relation between the accident and the death of the employee, it must be determined at one time or another, unless the parties may by compromise, adjust their differences by mutual consent (C. C. Art. 3071) under the general provisions of the law.

The statute (Section 17) provides that the interested parties shall have the right to settle all matters of compensation between themselves with the approval of the court, which would imply that the parties have the same liberty of compromise with relation to matters of compensation, with the approval of the courts, as they would have as to other rights or liabilities. The statute, however, provides that the agreement of the parties shall be substantially in accord with the various provisions of the Act, and conceding that other provisions of the statute, where liability is admitted, have limited the power of the parties to settle matters of compensation with the approval of the court to the terms of the statute; we do not think that such is the case where liability is not admitted, or where it appears that there were intervening causes to which the death of the employee may be attributed, rather than the accident, and that where the situation is such, that the question presented is legitimately one of compromise. Otherwise, in all such cases the parties would necessarily be forced to a suit where the question would have to be determined, without regard to whether or not the parties before the court desired to compromise.

We do not think that such a contruction should be given to the statute, which we conceive would be necessary in order to hold that the court was without jurisdiction *rationae materiae.*

The statute declares that the judgment rendered shall have have the same force and effect as other judgments of the same court, and in default of the plaintiff having alleged error in the agreement, or other matters which may have affected the judgment, we are of the opinion that it is conclusive against her contentions, and that the exception of no cause of action was properly sustained.

The judgment appealed from is therefore sustained.