(119 So. 48)

No. 29424.

**STATE v. McGEE.**

Nov. 26, 1928.

Maurice R. Woulfe, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and Warren O. Coleman, Asst. Dist. Atty., both of New Orleans, for the State.

ST. PAUL, J. On October 26, 1927, the defendant was indicted for the alleged murder of one Alma White on April 4, 1927.

On May 1, 1928, she was duly tried and convicted of manslaughter. On May 11th she moved to arrest the judgment, and, upon the overruling of her said motion and after sentence imposed, she appealed.

The only question before us is the correctness of the ruling denying her motion in arrest of judgment.

Her contention is in effect that, although she was indicted for *murder* within a year after the homicide, nevertheless she was not indicted for *manslaughter* within said year, and hence any prosecution for manslaughter was barred at the time of her trial under the provisions of Act 67 of 1926, amending section 986 of the Revised Statutes of 1870, reading as follows:

"Sec. 986. No person shall be prosecuted, tried or punished for any offense, willful murder, arson, rape, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one (1) year next after the offense shall have been made known to a public officer having the power to direct a public prosecution."

The indictment in this case was found within a year after the offense was committed, and hence the only question presented is whether an indictment for murder includes an indictment for manslaughter.

But of this there can be no doubt. "An indictment for murder charges the highest grade of crime belonging to a certain class of offenses, embraced in the generic term '*homicide*'; under our law, the jury, under such an indictment, is authorized to return a verdict of manslaughter. Therefore, an indictment for murder constitutes in legal intendment a prosecution for manslaughter. * * * It is consonant, therefore, both with law and reason, that an indictment for the highest grade of an offense of any distinct class interrupts prescription if seasonably filed, for each lesser grade of the same class for which, under the terms of the law, a jury may, in its discretion, convict. Hence, it follows that an indictment for murder interrupts prescription for manslaughter if filed within a year after the commission of the offense." State v. Diskin, 35 La. Ann. 46.

State v. Brossette, 163 La. 1035, 113 So. 366, relied on by appellant, has no application. In that case the indictment for mur-

der was not found until more than a year after the homicide had been committed.

### Decree.

The judgment appealed from is therefore affirmed.