## TAGLIALAVORE v. ELLERBE.

### No. 4641.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

C. B. Prothro, of Shreveport, for appellant.

C. D. Egan, of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued for damages to his automobile caused by a collision with defendant's truck. He alleged the accident occurred on February 2, 1932. He filed this suit on February 1, 1933. Service was not made on defendant until February 23, 1933.

Defendant filed a plea of prescription of one year in bar of the suit, which plea of prescription was sustained by the lower court, and plaintiff has appealed to this court. The case was submitted here on briefs without argument.

Prior to the passage of Act No. 39 of 1932, the law of this state was that, in order to interrupt prescription by filing of a suit, there must have been service on the defendant made within the prescriptive period. The filing of the suit without service was not sufficient. Act No. 39 of 1932 is as follows:

"Be it enacted by the Legislature of Louisiana, That the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.

"That all laws or parts of laws in conflict herewith, be and the same are hereby repealed."

This act was approved by the Governor on July 7, 1932, and became effective before the filing of this suit on February 1, 1933.

The sole question is: Was Act No. 39 of 1932 effective as to this suit at the time it was filed, the cause of action having arisen prior to the enactment of Act No. 39 of 1932?

Defendant contends that for said act to be applicable to this suit it would have to be retroactive, and it cannot be unless expressly made so by the act itself, which is silent on this point. We think the prevailing jurisprudence of this state is contrary to the contentions of defendant.

"Laws of prescription, and those limiting the time within which actions may be brought, are retrospective in their operation." De Armas v. De Armas et al., 3 La. Ann. 526.

To the same ruling is Third Municipality v. Ursuline Nuns, 2 La. Ann. 611.

In Municipality No. 1 v. Wheeler, 10 La. Ann. 745, the court said: "However repugnant to logic and sound policy they may be, retrospective laws in civil matters do not violate the Constitution, unless they tend to divest vested rights or to impair the obligation of contracts. * * *"

In Barrow v. Wilson, 39 La. Ann. 403, 2 So. 809, 811, the Court said: "There is no question of the legislative power to pass such a statute, and, being a statute of prescription, it is legitimately retrospective, and operates on the title of defendants, at least from the date of the law."

In State v. Brossette et al., 163 La. 1035, 113 So. 366, 367, the Court said:

"Remedial statutes and statutes governing procedure have application to all actions brought subsequent to their promulgation. In this case the indictment was returned subsequent to the promulgation of Act No. 67 of 1926, and more than one year after the offense was made known to a public officer authorized to institute the prosecution. In the case of State v. Bell, 48 La. Ann. 735, 19 So. 671, it was held to be a familiar canon of construction:

" 'That prescription acts upon the remedy inter medias res, and takes effect at any stage of proceedings wherein the local statute is changed. * * *' "

Also see the case of Musick v. Central Carbon Co., 8 La. App. 136, and cases cited therein. And in Bostwick v. Thomson, 149 La. 152, 88 So. 775, 777, the court said: "There is no suggestion in the act in question that it was to have been retroactive in effect. In the absence of such declaration, the law affects rights of persons from the time of its passage; and what is meant by the statement that remedial legislation affecting prescription is retroactive is simply this: That it affects rights and persons already in existence from the time of the passage of the act, and is not confined merely to rights and persons coming under its terms in the future."

Act No. 39 of 1932 does not divest any one of any vested right. It does not increase or decrease the prescriptive period within which a cause of action must be filed. It merely relieves the party who has a cause of action from responsibility for the delay or negligence of the officers of the court in making service promptly, and it is applicable to all suits filed after it became a law. The plea of prescription should have been overruled.

Defendant relies on the case of Sample v. Whitaker, 174 La. 245, 140 So. 36, to support his contention. A careful study of that case convinces us it does not support his contentions. It holds to the same rule as quoted above in the case of Bostwick v. Thomson; i. e., that the law takes effect and is applicable as of the date it becomes a law, as to all rights and persons then in existence, and is not confined to the rights and persons coming under its term in the future.

The judgment of the lower court is incorrect. It is therefore reversed, the plea of prescription is overruled, and the case is remanded to the lower court for further proceedings; costs of appeal to be paid by defendant, and costs on the merits to await the final determination of the case.